## Todd vs. Lee and another.

Where a *feme covert*, with the assent of her husband, engages in business as a *sole trader*, and contracts a debt for goods to carry it on, upon the faith of her separate estate, the property which she holds to her sole and separate use

is chargeable with its payment. The decision in *Todd vs. Lee*, 15 Wis., 365, stated and adhered to.

In enforcing payment of such debts out of the separate estate of the *feme covert*, where there is no writing constituting the debt a specific lien, courts do not proceed upon the ground that the transaction creates a specific lien for the debt upon any particular property; but upon the ground that all her separate estate becomes chargeable with a debt so contracted, through the intervention of a court of equity; and if several debts have been thus contracted at different times, the several creditors are to be paid *pari passu*.

Payment of a debt thus contracted by a *feme covert* on the faith of her separate estate, will be enforced as well against the separate estate which she may thereafter acquire, as that which she had when the debt was created.

APPEAL from the Circuit Court for *Milwaukee* county.

Action against *Lydia A. Lee* and *Charles F. Lee* her husband to charge the separate estate of one of the appellants, *Lydia A. Lee*, a married woman, who with the consent of her husband, was a separate trader in the millinery business; with the payment of a certain debt alleged to have been contracted upon the faith and credit of such estate.   The complaint alleges among other things, that the appellant, *Mrs. Lee*, on the 16*th day of May*, 1860, proposed to purchase goods of the respondent in her own name, on credit, and then promised the plaintiff that she would pay him for all goods he might then or thereafter advance to her when the price should become due and payable, and for the purpose of securing to him a faithful performance of such promise, she then pledged her separate estate, consisting of real estate, stock in an insurance company and notes secured by mortgages, and charged upon the same the payment of any indebtedness the respondent might have against her by reason of any failure on her part to perform her promise, and that in consideration of said promise and pledge, the respondent at divers times between the 16th day of May, 1860, and the 15th day of January, 1861, relying solely upon the credit of her separate estate above described, sold and delivered goods to the appellant, *Mrs. Lee*, and advanced and expended money at her request to the amount of $2,750.05, of

which sum $2,224.30 still remained due and payable out of her separate estate. Issue having been joined in the action, a trial was had, and the court found the material allegations of the complaint to be true, and decided as a matter of law that the indebtedness of *Mrs. Lee* to the respondent for $2,224.30 constituted of right and according to equity, a proper charge upon, and was payable out of the real and personal property of which she, *at the time of the commencement of this action,* was seized and possessed as her sole and separate property, or to her sole and separate use under the laws of the state, and by the sufferance and permission of her husband, and that such indebtedness should be paid and satisfied out of said property, through a receiver, to be appointed, &c, The appellants excepted to this decision, and judgment was rendered in accordance therewith from which an appeal was taken.

*Finches, Lynde & Miller* for appellants, contended that the judgment was erroneous, because it charged the separate estate which *Mrs. Lee* had at the time of the commencement of the action, instead of that which she had when the debt was contracted, and that her after acquired separate estate could not be subjected to the payment of the debt; that the property which she had when the debt was contracted and upon the faith of which, the liability was incurred, could only be held for its payment. *Curtis vs. Engle,* 2 Sand. Ch., 287 ; *Corbine vs. St. Johns,* 13 How. Pr., 334. The judgment is erroneous, because it maks no provision for the *exemption* of any part of her estate, and does not allow redemption in the case of a sale of her real estate to satisfy the debt.

*Merrick & Hill* for respondent.

By the Court, COLE, J.   When this case was before us on a former appeal, the chief justice went into a very thorough examination of the general question, as to how far the separate property of a married woman was considered in equity liable

for any contracts, debts and other charges created by her during coverture. The conclusion reached, was that for many purposes courts of equity treated a *feme covert*, in respect to her separate estate, as a *feme sole*, and charged such estate with the payment of her debts, contracted for her benefit upon its faith and credit. This is the well established doctrine of the authorities, although no little confusion exists among them as to the nature and extent of the liability of the separate estate of a married woman for her debts, and the grounds upon which this liability arises. But without going over that discussion again, it is sufficient now to say, that after an examination of the facts of this case, we were led to the conclusion that *Mrs. Lee* purchased the goods and contracted the debt mentioned in the pleadings and evidence, upon the faith and credit of her separate estate ; that this debt was beneficial to her, and enabled her to prosecute the business in which she was engaged ; and therefore that the property which she held to her sole and separate use, was chargeable with its payment. It cannot be necessary, therefore, to go into any discussion of the questions of law or fact from which these conclusions were derived, and it will not be attempted. It only remains to determine whether the circuit court rightfully applied those principles in the judgment from which this appeal is taken. That judgment, by its terms, was made payable out of the real and personal property of which *Mrs. Lee* was, at the commencement of the suit, seized and possessed as her sole and separate property, or to her sole and separate use, under and by virtue of the laws of the state of Wisconsin, and under and by virtue of the sufferance and permission of her husband. It is contended that this judgment is erroneous, because it is made payable out of the separate property owned by *Mrs. Lee* at the commencement of the suit, instead of being payable out of the property which she owned when the debt was contracted. The ground, it is said, upon which courts of equity proceed in enforcing the debt of a married woman against her separate

estate, is, that the debt having been contracted upon the faith of such estate, it becomes a charge upon it in the nature of a specific lien. Hence, it is claimed, the debt must be enforced against the particular estate upon which the credit was given, and none other. But we do not think it is correct to say that *Mrs. Lee*, in this case, contracted to pay the debt out of a particular estate, so as to make a lien upon that property. There was no mortgage given, nor any other instrument executed which was equivalent to constituting a specific lien. She contracted the debt upon the credit of her separate estate, and for her benefit. It becomes payable out of that estate then, and the court lays hold of such property as she possessed when the suit was commenced, and applies it in satisfaction of the debt. But in doing this, it does not proceed upon the idea that it is enforcing a specific lien against any particular estate. It is true, this is in substance, the language of those cases which say that the intention of the married woman to create a charge on a separate estate, must be treated as an appointment or disposition of it *pro tanto*. But this reasoning was deemed artificial and and unsatisfactory in the former opinion. And, as already intimated, it was then held that the court proceeds upon the theory that when a married woman contracts a debt upon the credit of her separate estate, such estate becomes chargeable with its payment, to the same extent that the estate of a *feme sole* was chargeable at common law. And as the creditors had no means at law of compelling payment of those debts, a court of equity took upon itself to give effect to them, not as personal liabilities, but by laying hold of the separate property and subjecting it to their payment. In this case *Mrs. Lee* contracted several debts upon the credit of the separate estate. If she created specific liens in each case, then it is obvious the debts are to be discharged according to priority. But this is contrary to the doctrine already advanced and laid down in these cases, that the creditors should be paid *pari passu*; that the maxim of equality among the creditors should

apply. *Mrs. Lee's* separate estate consisted of real and personal property, which she could undoubtedly sell and dispose of, free from incumbrances created by these debts. Some portion of that estate consisted of profits arising from her trade and millinery business. Her stock in trade was constantly changing, and she could create no specific charge or lien upon it, which would not materially interfere with her power to sell and dispose of it. And as a matter of fact, she created no lien upon her estate by any written instrument, and we see no valid or sufficient reason for saying that the particular property which she owned when the debt was contracted can alone be applied to its payment. There are *dicta* to be found, to the effect that the creditor must look only to the property which the married woman owns when the debt is contracted; but we have met with no case where that precise question has been decided. And in reason and principle we cannot see why such a doctrine should prevail in a case like the present. *Mrs. Lee* contracted these debts on the faith of her separate estate, whatever that was, and such estate, owned by her when the suit was commenced, we think should be applied to its payment.

The judgment of the circuit court is therefore affirmed.