### MAHLER vs. WISE and another.

*Reversal of judgment : Express provision for redemption.*

A judgment for the sale of the separate property of a wife (for debts contracted in her own name, in the course of a business carried on by her for her own benefit), will not be reversed because it does not contain any express provision allowing her to redeem.

APPEAL from the Circuit Court for *Milwaukee* County.

The defendants, *Sigmund Wise* and *Marie*, his wife, appealed from a judgment in favor of the plaintiff.

*R. N. Austin*, for appellants, cited Laws of 1859, ch. 195, § 2; *Jones v. Gilman*, 14 Wis. 450; *Van Nostrand v. Mansfield*, 16 id. 224; *Carberry v. Benson*, 18 id. 489.

*Waldo, Ody & Van*, for respondent.

DIXON, C. J.    This is a proceeding in equity to charge the separate property of the defendant *Mrs. Wise*, who is a married woman, with the payment of a debt contracted by her in she own name, in the course of a separate business carried on by her for her own benefit with the assent of her husband. Certain real estate belonging to *Mrs. Wise* was described in the complaint, and a judgment declaring the debt due the plaintiff to be a lien thereon, and for the sale thereof, was demanded.    A recovery having been had by the plaintiff, judgment according to the demand of the complaint was entered for the sale of the real estate, but without the right of redemption.    From this judgment there is an appeal; and *the only error*

assigned is, that a provision should have been inserted allowing *Mrs. Wise* to redeem. The judgment in this respect is the same as that in *Todd v. Lee,* 16 Wis. 480, which was a like proceeding, and where the same objection was taken, and over-ruled by this court. The question was then settled agreeably to the established practice in chancery, and so it must remain until changed by act of the legislature. The observation in *Leonard v. Rogan,* 20 Wis. 543, was not intended to establish any different practice, and we are surprised that it should have been so understood. Mrs. Rogan was there sued in equity, when she should have been sued at law; and, if sued at law, she would have been entitled to the regular time for redeeming fixed by law. What we there said was, that if the judgment in equity should be permitted to stand, it would only be on condition of her having the same right to redeem as if sued at law, or as the law gave.

It follows that the judgment must be affirmed.

*By the Court.* — Judgment affirmed.