ALLISON & TOWNSLEY *v.* ANNIE E. PORTER.

1. Suit can not be brought before a justice of the peace to charge the debts of a married woman upon her separate estate.

2. Section 28 of the civil code, as amended March 30, 1874 (71 Ohio L. 47), was not intended to invest justices of the peace with a new jurisdiction. The amended section does not create a cause of action in favor of or against a married woman where none existed before; but was intended to prescribe the cases in which she may sue and be sued alone, and to authorize, in such suits, like proceedings and judgment, and the enforcement of such judgment, in all respects, as if she were unmarried.

Allison & Townsley *v.* Porter.

Motion for leave to file a petition in error to reverse the judgment of the District Court of Greene county.

The plaintiffs in error, merchants, doing business under the firm name of Allison & Townsley, sued Annie E. Porter, the defendant in error, before a justice of the peace, on a store account.

The defendant is a married woman, living with her husband, and was at the time of the sale of the goods, which are the subject of the account.

At the time of bringing the suit, she and her husband had become non-residents of the state. An attachment was sued out against her on the ground of her non-residence ; and the amount due her on a promissory note was garnisheed in the hands of the maker.

The suit resulted in a personal judgment against her for the amount of the account, and in an order by the justice on the garnishee to pay so much of the amount due the defendant on the note into court as was necessary to satisfy the judgment recovered by the plaintiffs.

She prosecuted a petition in error in the court of common pleas, where the judgment was affirmed. The district court, on error, reversed both the judgment of the common pleas and of the justice, and dismissed the action.

It is now sought to reverse this judgment.

*Nesbitt & Martin*, for the motion.
*F. P. Cunningham*, contra.

By the Court. We find no error in the judgment of the district court.

The suit was not brought on a contract, which the defendant was authorized by the statute to make in respect to her separate estate.

Whether the amount due on the account can, in equity, be charged on the defendant's separate property, it is unnecessary to determine. If that can be done, a suit for the purpose can not be brought before a justice of the peace.

The plaintiff in error relies to sustain the action on section 28 of the civil code, as amended March 30, 1874 (71 Ohio L. 47).

This section was not intended to invest justices of the peace with a new jurisdiction. It does not create a cause of action in favor of or against a married woman, where none existed before; but was intended to prescribe the cases in which she may sue and be sued alone, and to authorize, in such suits, like proceedings and judgment, and the enforcement of such judgment in all respects as if she were unmarried. *Jenz* v. *Gugel*, 26 Ohio St. 527.

*Leave refused.*