White, J.
I concur in the reversal of the judgment in this case; but, in my opinion, the petition does not show a cause of action. The grounds of this opinion I will endeavor to briefly state.
1. The act of April 3, 1861, “ concerning the rights and liabilities of married women” (S. & S. 389), does not create a cause of action in right of the wife, where none existed before, but merely declares that rights in action, which “ have grown out of the violation of any of her personal rights, shall . . . ' be and remain her separate property, and under her sole control.” It was not the object of the statute to create new liabilities against third persons in favor of the wife, but "to prescribe what property and rights in action should, as between the husband and wife, be the separate property of the wife. What constitutes her personal rights, or a right in action for their violation, is left to be determined by the common law. At common law, the wife had no such right as is recognized in this case. 2 Sharswood’s Black- Comm. 142*, 143.
Eor the violation of every common-law right, there was a common-law remedy ; and no action that could not have been maintained jointly by the husband and wife, for the violation of the personal rights of the wife, before the statute was passed, could be maintained after the passage of the statute. That act did not change the common-law right or the common-law remedy, but merely declared the right which was the subject of the action, to be the *636 separate property of the wife. By section 28 of the code, as amended, she was authorized to sue in her own name; but that section does not create a cause of action where none existed before. It was merely intended to prescribe the cases in which she may sue and be sued alone. Allison & Townsley v. Porter, 29 Ohio St. 136.
2. The decision in Lynch v. Knight, 9 H. L. 577, does not support the holding of the majority of the court in the present case. In England, as in most of the states, words imputing want of chastity to a woman are not actionable, unless they occasion special damage. In Lynch v. Knight, the chancellor, Lord Campbell, and the lords concurring with him, were of the opinion that where the other necessary facts existed to constitute a cause of action, in right of the wife, the loss of the consortium, or conjugal society of the husband, would constitute the grounds of special damages, although not of a pecuniary nature. There is no intimation that there could be a cause of action in right of the wife, when there could be no recovery in a joint action by the husband and wife. On the contrary, it is apparent from the opinions that if there could be no joint recovery, there would be no cause of action. On page 590, Lord Campbell says : “ I place no reliance on the objection that, in a case like the present, the imputation cast on the wife being false, the act of the husband in separating from her is wrongful, and therefore he can not join as plaintiff in an action, the foundation of which is his own wrongful act. If his dismissal of the wife from his house would have been reasonably justifiable, had the words been true, and this act was a natural, probable, and direct consequence of the imputation, I do not think the defendant could avail himself of the objection of the imputation being false, he having intended the husband to believe that it was ti-ue, and having intended the husband to act upon it.” And on page 591 he says: “ Had those words contained a charge of adultery by the wife, which the defendant pretended to know, and which he asserted as a fact, I should have thought the allegation of special damage sufficient to sup *637 port the action. In that case, the husband believing the charge to be true, would have been justified in separating from his wife, and this separation would have been the natural and direct and probable consequence of the slander.” To the same effect is the language of Lord Cranworth on page 596.
In the present case the alleged slanderous words are not set out in the petition. Hence it does not appear whether they imputed want of chastity to the plaintiff or not, or whether they were of such a character as, if true, would have justified her husband in separating from her. If the words imputed want of chastity to the plaintiff, they would, in this state, have been actionable in themselves, and would have supported an action by the husband and wife; or, under section 28 of the code, the plaintiff might have sued alone.
The averment in the petition that the defendant promised to reward the husband with money and property, if he would expel the plaintiff from his house and companionship, constitutes no cause of action. It was his duty not to accept the promise or act upon it, and, if he did either, it would he his own voluntary wrongful act, and would defeat any action in which he was required to join as plaintiff.
The rule of the common law that requires an action for an injury to the wife, to be prosecuted in both the name of the husband and wife, was not merely remedial in its nature. It defined the rights of the wife, as well as prescribed the remedy for their violation; and grew out of the structure of the common law as a system of rights and remedies.
3. Whether the petition shows a cause of action or not, is to be determined by the common law as modified by our legislation. The ecclesiastical law of England, was no part of the common law, and has never been adopted here. The contract of marriage is regarded by the common law as a civil contract merely, and the relation of marriage as a civil relation; and over civil rights and remedies the *638 spiritual courts .had no jurisdiction. The only pecuniary causes, cognizable in these courts, were such as arose either from withholding ecclesiastical dues, or the doing or neglecting some act relating to the church; and the only process of enforcing their sentences was by excommunication. With due deference, I must be allowed to say that, it seems to me, the jurisdiction exercised by the ecclesiastical courts has no bearing on the question, whether such jurisdiction was exercised for the restitution of conjugal rights, or to create them by compelling the parties to celebrate a marriage in pursuance of their contract, both of which were within their jurisdiction.
Okey, J., concurs in the foregoing opinion of White, J.