Johnson, J.
1. The contract alleged in the petition and found by the district court to exist, was purely of equitable cognizance.
It is the contract of a married woman for services rendered to her in the management of her separate estate, by which, as the court finds, she charged that estate with the payment of reasonable compensation for the services rendered.
It is not alleged that this contract was in writing, and the proof shows that it was not.
A married woman can charge her seperate estate by parol contract.
The claim, therefore, that such charge should be evidenced by written instrument is not well founded.
2. The claim for services were not of that nature or character as would, under the law that then existed, warrant a personal judgment against a married woman, nor an execution against her separate property. No action at law, therefore, would lie against her for such services. The rule which requires a creditor to exhaust his remedy at law before seeking relief in equity has no application.
The only remedy the plaintiff had was in equity. Hence the claim that plaintiff below should have first obtained a judgment and exhausted her property liable to execution is not well made.
*176 Neither the motion, to dismiss, because the court had no jurisdiction over the subject matter, nor the demurrer based upon the same ground, should have been sustained.
The case made was clearly within the equitable jurisdiction of the court of common pleas.
3. As to the attachment proceedings and their effect, as a bar to this action.
The proof shows that on the 13th of July, 1878, the plaintiff below commenced an action before a justice of the peace against Charlotte Elliott, alone, on the same claim to recover a money judgment, which was dismissed by the plaintiff', without attempt to get service. It further appears that on the 17th of the same month he commenced another action before the same justice against Charlotte Elliott and John Elliott, her husband, and caused an attachment to issue against them as non-residents of the state of Ohio, with notice to sundry persons to appear and answer touching the property of the wife in their possession liable to attachment.
McCullough, one of the garnishees, answered, showing that he had seventy-six dollars in his hands belonging to said Charlotte. This amount Ne paid into court.
On motion of said Charlotte the attachment was discharged, leaving the money in the hands of the justice, one Cyrus S. Gilbert, who is co-defendant in this action below. The next day the case was dismissed for want of prosecution.
The dismissal of these cases in attachment constituted no bar to the present suit in equity.
The plaintiff below could not proceed by attachment before a justice against a married woman in a case where no personal judgment for money could be rendered against her. Allison v. Porter, 29 Ohio St. 136.
4. As to the service by publication, or the jurisdiction of the court over the person of plaintiff in error.
The overruling of the motion to dismiss is assigned as error. This motion assigns two reasons why it should be granted:
First. "Want of legal and proper service; and, second, because the court had no jurisdiction of the subject-matter. *177 This last ground was in the nature of a demurrer to the jurisdiction of the court, and was in itself an appearance in the case.
It amounted to a waiver of service, and gave the court jurisdiction over the person of defendant.
It is true the defendant “ comes for the purpose of filing this motion and for no other purpose,” and had the motion been confined to the want of proper service it would not have operated as an appearance. It was not so limited, but embraced an additional reason, to wit, the right of the court to hear and determine the subject-matter. The rule is that where a defendant appears solely for the-purpose of objecting to the jurisdiction of the court over the person, such motion is not a voluntary appearance of defendant which is equivalent to service.
Where, however, the motion involves the merits of the case made in the petition the rule is otherwise; Sandy v. Insurance Co., 37 Ohio St. 366; Maholm v. Marshall, 29 Ohio St. 611.
Here one of the grounds of objection, as raised first by the motion and afterward by the demurrer, was that defendant was not liable in that court; or, in other words, the court had no jurisdiction over her as a married woman to grant the relief prayed for. This was a waiver of service, or a voluntary appearance of defendant equivalent to service. We need not, therefore, determine whether it "was a case in which service by publication was authorized; nor whether such service was properly made; nor whether proof thereof could be made after final judgment.
As the court had jurisdiction over the subject-matter, and as the defendant had voluntarily appeared, these questions become immaterial.
The foregoing decision is made with reference to the state of the law relating to married women, as it existed when this ease was pending. What, if any effect, the amendments to sections 4996 and 5319 of the Revised Stat *178 utes, 81 Ohio L. 65, or of sections 3108, 3109, 3110, 3111, and. 3112 of the Revised Statutes, 81 Ohio L. 209, have, we do not consider.