Owen, C. J.
1. Do the facts stated in the plaintiffs’ petition entitle them to the relief they seek against the defendant, Elizabeth J. Thompson, which is, that the sums represented by the accounts which they aver were sold and .assigned to them, may be declared a lien upon her separate real estate, and that the same may be subjected to the payment thereof?
This is the sole question presented for our consideration. These accounts against the supposed partnership, composed of M. T. Thompson and his wife (as M. T. Thompson & Co.), which the plaintiffs say accrued to their assignors by reason of the sale of coal by the latter to such firm, are made the basis of their proceeding to subject the separate real estate of Elizabeth to their payment. They are the only evidences of indebtedness, or of the supposed causes of action which the plaintiff's in form allege were assigned to them by the parties in whose favor, it is alleged, they were contracted.
If they are entitled to the relief they seek, it is because such remedy is incidental to the liability represented by these accounts.
This involves the presupposition that M. T.' Thompson *204 and his wife, Elizabeth, had capacity to, and did, enter into a trading partnership for the purpose of buying coal and selling the same at retail. ¥e are not materially aided in our investigation by the fact that the broad and comprehensive averments of the petition were evidently inspired by a determination to impart to the proceeding, at all hazards, an equitable character.
It is averred that, in the'business of the firm of M. T. Thompson & Co., Elizabeth “ had invested a considerable part of her said separate estate, as her separate property, her interest therein, and in the profits and losses thereof remaining-her separate estate with the knowledge of and consent of her said husband.”
In spite of the heroic averment that not only the profits of the business but even the the losses thereof remained her separate estate, we are confronted at the threshold of our inquiry with the requirement that, as an indispensable predicate to an equitable charge upon her separate estate, Elizabeth Thompson and her husband must have entered into a trading partnership. It was in the business of such a firm, if- at all, that she embarked her separate property. It was as collateral to the liability of such a firm, if at all, that she charged her separate estate in equity. A partnership is an association for the purpose of prosecuting any lawful business, formed by contract betwen two or more persons.
A contract, it seems, is essential to the formation of a partnership. Among the essentials of every contract are two competent contracting parties, and mutuality of obligation.
That a married woman had not capacity at common law to enter into a partnership with her husband will not admit of serious controversy. 1 Black. Com. 442; Matthews Part., § 9; 1 Collyer Part. (6th ed.), sec. 14; Brown v. Jewett, 18 N. H. 230; Parsons Part. *23.
If she be endowed with capacity to enter into a contract of copartnership with her husband in Ohio, it is so by favor of some enabling statute. Except so far as capacity *205 has been given to her by statute to bind herself by her contracts they are void. We are not now dealing with her power to chargé her separate property in equity, but simply with her power to bind herself at law by her contracts. As the transactions involved in this controversy occurred prior to the legislation of 1884 (81 Ohio L. 65,209), we are not called upon to consider or construe these enactments.
Without reviewing the legislation of this state, the object and effect of which has been to remove some of the common-law disabilities of married women and to invest them with capacity to bind themselves in certain respects by their contracts, it is sufficient to say that, at the time of the transaction involved in this inquiry, no power had been given them by statute to engage in business, as partners, with their husbands. See Levi v. Earl, 30 Ohio St. 167.
While this court has not heretofore been called upon to consider this precise question, the manifest tendency of its adjudications has been in the direction of the conclusion just announced. Swasey v. Antram, 24 Ohio St. 87; Alexander v. Morgan, 31 Ohio St. 551. In the latter case it was said that when an unmarried female was engaged in business as a partner, her marriage dissolved the partnership of which she was a member. This proposition is vitally inconsistent with the theory that a married woman has capacity to engage in business as a partner.
In McClelland v. Bishop, 42 Ohio St. 113, it was held that the joint note of the husband and wife is the valid obligation of the husband alone.
It should be borne in mind that the provisions of sections 4496 and 5319 of the Revised Statutes were not intended to enlarge or vary the liabilities of married women, but relate merely to the form of remedy. Jenz v. Gugel, 26 Ohio St. 527; Allison v. Porter, 29 Ohio St. 136.
2. Counsel for plaintiffs in error invite us, however, to look upon the proceeding below and the transactions which it involves, as relating wholly to Elizabeth’s power to charge her separate property in equity. They say: “It *206 may be well to define what we mean when we claim that a married woman may be a partner’. It is not contended that she is a partner in the same sense in which a man is a partner. A person sui juris, who is a partner, thereby makes him or herself personally liable at law for all engagements contracted in the partnership business by any of the partners. This we do not claim to be true as to a married woman, but we do claim that a married woman may embark her separate estate in trade; that this trade may be carried on alone, or in conjunction with other persons, and that her separate estate maybe charged in equity with the satisfaction of engagements entered into in the course of. such joint trade, either by herself or her associates. We further claim that she may thus associate herself in trade either with her husband or with third persons.”
Looking to the petition, we fail to find a warrant for the peculiar interpretation of its averments here contended for. It is averred that the defendants were “partners doing business under the firm name and style of M. T. Thompson & Co.” That the coal which entered into the accounts sued upon “ was all purchased by said firm of M. T. Thompson & Co. for use in its said business i n the course of said business, which was that of selling coal by retail.” That their assignors “sold and delivered to defendants the coal mentioned in said account at and for the agreed prices therein stated.” The accounts were made out as against “ M. T. Thompson & Co.” In this form they were sold and assigned to the plaintiffs. It is averred that nothing has been paid on these accounts, and that there is now due and payable thereon from the defendants to the plaintiffs the sums named in the accounts. The prayer is for judgment against defendants for the sums stated in the accounts, and that the same be declared a lien upon the real estate of the wife, which it is prayed may be subjected to their payment. The theory of counsel, as indicated above, almost wholly ignores the existence of the husband as a contracting party. It is averred that he had not nor has he any property of any kind subject to the payment of *207 debts. That the coal was sold upon the credit of the separate estate of the wife, and that she intended to and did charge her separate estate and income with the payment thereof. This theory of counsel also ignores or is utterly inconsistent with the existence of any such partnership as the petition describes.
With the partnership also disappears the accounts; and as they are the only evidences of indebtedness which the plaintiffs allege they purchased or hold, there would not seem to be much left upon which to predicate the proceeding to charge and subject the separate property of Elizabeth. We do not feel at liberty thus to emasculate the plaintiffs’ petition by construction.
The existence of a partnership capable of contracting a liability represented by these accounts is vital to the relief which the plaintiffs seek against the estate of Elizabeth.
’ Giving to the petition that reasonable and liberal construction to which it is entitled, we find no difficulty in construing its object to be to subject the separate property of the wife to the satisfaction of the supposed liability of an alleged partnership of which she is treated as a member, and this by virtue of a charge which she is supposed to have imposed upon it in equity. As no such partnership bad or could have a legal existence, and as no such liability was incurred, no cause of action against the wife is stated in the petition.
3. If it be conceded, however, that “ M. T. Thompson & Co.” constituted a partnership capable of contracting, there is another view upon which the relief sought against Elizabeth should be denied. It will be conceded that it is not by virtue of any contract obligation that her separate estate can be charged in equity.
It is because, under all the circumstances of the transaction, it would be inequitable to withhold her property from satisfaction of liabilities incurred on the faith of it, that' equity will subject it.
While it is averred in the petition that the husband is without means to pay debts, it does not appear that *208 the firm of “ M. T. Thompson & Co.” is either without ample means to discharge its indebtedness, or that it is not still in the successful prosecution of its business. It is averred in the petition that Elizabeth invested a considerable part of her separate property in the business of the firm.
Whether this is the property which is now sought to be subjected does not appear. It is very clear, however, that, assuming the legal existence of a partnership, this property so invested in the business of the firm was thereby placed under the control of the husband as a member and .consequently an agent of the firm, with full power to appropriate it to the satisfaction of the partnership liabilities. For this purpose it is the primary fund. In the absence of some averment that this fund, which is shown to have once had an existence, is exhausted, or is inadequate to the payment of plaintiffs’ claim, there is not shown that state of circumstances which would justify a court of equity in decreeing that the separate property of the wife be subjected to the payment of the partnership liabilities.
While in either view the petition fails to show sufficient grounds for the relief sought against the wife’s property, we regard the former as the true ground, and upon it we rest the determination of the case.

Judgment of the court of common pleas affirmed.