Dickman, J.
In June, 1883, the district court, on appeal, found that Tabitha Myers made and executed the obligation set out in the petition, and intended and thereby charged her separate estate with the payment of the amount of the obligation ; and that the plaintiff, by virtue thereof, became entitled to have her separate estate subjected and applied to such payment. It was further considered by the court, that the plaintiff recover judgment against Tabitha Myers; and it was ordered and adjudged, that she pay or cause to be paid to the plaintiff!, within a given time, the sum found due him, and in default thereof, that the sheriff proceed to sell her separate estate described in the petition, as upon execution at law; and that an order of sale issue therefor upon precipe.
Subsequently to the rendition of this judgment, but prior to the issue of an order of sale, Mrs. Myers entered into an agreement for a voluntary partition with her co-tenants of the property described in the 'petition, whereby a tract in the north-east corner of the farm was set off and conveyed to her in severalty. And in the month of Majr, 1886 — an order of sale not having then been issued — the defendants had constructed a small frame house on the land so set off, and moved into it, and occupied it as a family homestead. By reason of such improvement and occupancy, as husband and wife, the defendants claim that a homestead in the property should be assigned to Mrs. Myers, neither of them being the owner of any other homestead. It is contended, however, by the plaintiff, that under such a state of facts, the wife is not entitled to a homestead in the premises set off to her in severalty.
*191 Section 5438 of the Revised Statutes provides, that, “ the officer executing any writ of execution founded on a judgment or order shall, on application of the debtor, his wife, agent, or attorney, at any time before sale, if such debtor has a family, and if the lands or tenements about to be levied upon, or any part or parcel thereof, constitute the homestead thereof, cause the inquest of appraisers, upon their oaths, to set off to such debt- or, by metes and bounds, a homestead not exceeding one thousand dollars in value.”
Construing the language of this section, it was held in Wildermuth v. Koenig, 41 Ohio St. 180, that a judgment lien attaching before the realty has been impressed with the characteristics of a homestead, is not such a lien as precludes the allowance of a homestead; and that real estate having the quality or status of a homestead before it is “ about to be levied upon,” or seized under an order of sale, should be set off for the use of the debtor’s family.
It is contended that before the defendants had taken any steps toward the acquisition of a homestead, the plaintiff had acquired an interest in the estate equal to a levy, by the filing of his petition, and that the decree of the court was entitled to the dignity and force of a levy. By executing the note or obligation, Mrs. Myers did not direct out of what it was to be paid, or by what means it was to be paid; and it would not be correct, according to legal principles, to construe a contract, to pay, into a contract to pay the debt out of a particular property so as to create a lien upon that property. She gave no mortgage, nor executed any other instrument which was equivalent to constituting a specific lien, nor did the contract made by her become a specific lien upon her separate estate. Maxon v. Scott, 55 N. Y. 247; Todd v. Lee, 16 Wis. 480.
If no personal judgment could have been awarded against, her and enforced by execution, it might have been proper to invoke the remedy in equity of specifically subjecting her separate property. But under the statutory provisions herein considered, authorizing a personal judgment against a married women followed by execution where the action concerns her separate estate, an effective remedy is afforded, and a creditor *192 should not, by adopting the form of chancery procedure where he has no specific lien, be permitted to hold her separate estate to any greater extent or by a firmer grasp, than he could, under like conditions, hold the property of her husband or that of an unmarried woman.
By virtue of the amendments of section 28 of the Code of Civil Procedure, which are substantially embodied in sections 4996 and 5319 of the Revised Statutes, a radical change has been effected in the remedy against married women. Though the object of this legislation was not to enlarge or vary the liabilities of a married woman, it fundamentally changed the form of the remedy. Jenz v. Gugel, 26 Ohio St. 527; Allison v. Porter, 29 Ohio St. 136. The disabilities of coverture are so far removed, that where the action concerns her separate property, a personal judgment may be rendered against her in all cases where such judgment would be proper were she a feme sole. Such judgment may be enforced in all respects as if she were an unmarried woman. Execution may be issued against her separate property and estate, to the same extent as against the property of her husband, were the judgement rendered against him ; and the same rule will apply to her for the purpose of setting off a homestead in her property about to be levied upon, that applies to her husband. In instituting suit against her, it is enough to aver that she has separate property subject to be charged, without describing any specific piece of property, as it is not necessary by decree to subject any particular piece. Corn Exchange Insurance Co. v. Babcock, 42 N. Y. 613 (appendix).
But in proceeding by way of execution against the wife’s separate property, the law has, in a liberal and humane spirit, guarded all her rights of homestead. It is provided by section 5319, supra, that she shall be entitled to the benefit of all exemptions to heads of families. Before levy of execution or ' seizure under an order of sale, she may impress upon her land the homestead character, so that, upon her application at any time before sale, a homestead shall be set off to ,her by metes and bounds. And not only may she before such levy or seizure dedicate and secure a homestead by visible occupancy, in *193 the land of which she holds the title; but if she has become the owner of the superstructure of a dwelling house occupied by her as a family homestead, although the title to the land is in another, she will be protected in the enjoyment of her homestead as against the judgment creditor.
With the changed remedy against a married woman, allowing a persona! judgment followed by execution, goes pari passu the statutory protection of her homestead. And where no specific lien upon her separate estate has been created, the force and effect of the statute can not be frustrated, by setting out in the petition a description of specific separate property and rendering a decree that such property shall be applied to the payment of the wife’s obligations, where she has asserted by use and occupation a right of homestead before the issue of an order of sale. To such a decree we do not attach the effect of a levy, nor can the wise and benevolent policy of the law be thus defeated. In authorizing a homestead to be set off to the debtor in the lands or tenements “ about to be levied upon,” the statute contemplates, that he may establish his right to a homestead, by use and occupation of the property before steps have been taken by a levy or seizure under an order of sale to enforce the judgment. It is to the enforcement of the decree or judgment that the prior use and occupation of the property for a homestead must be referred.
It is urged, however, in behalf of the plaintiff, that the homestead cannot be allowed in this case, because the interest in which it is claimed is to be regarded’ as an undivided interest in premises held in common by Mrs. Myers and her husband’s brothers and sisters. In view of the voluntary partition had among the co-tenants, the question is not presented to us in an absolute and unqualified form, whether homestead rights can attach to an undivided interest in lands, in the absence of an express provision of the statute to that effect. In this connection, however, we do not hesitate to adopt the views of Mr. Freeman, who is known as a careful and judicious writer. “ We see no sufficient reason,” says he, “ even in the absence of statutes directly bearing upon *194 the subject, for holding that a general homestead act does not apply to lands held in co-tenancv. The fact that a homestead claim might savor of such an assumption of an exclusive right as is inconsistent with the rights of the other co-tenant, and that the maintenance of such claim might interfere with proceedings for partition, form no very satisfactory reason for denying the exemption. If the rights of the other co-tenant are threatened or endangered, he alone should be permitted to call for protection and redress. The law will not sanction any use of the homestead in prejudice of his rights. . But as long as his interests are respected, or so nearly respected that he feels no inclination to complain, why should some person having no interest in the co-tenancy be allowed to avail himself of the law of co-tenancy for his own, and not for a co-tenant’s gain ? The homestead laws have an object perfectly well understood, and in the promotion of which courts may well employ the most liberal and humane rules of interpretation.” Co-tenancy and Partition, § 54.
The co-tenants of Mrs. Myers have not been embarrassed or prejudiced by her homestead claim, and find no ground of complaint, as they entered into a mutual agreement for a voluntary partition of the property which they held in common, and set off and deeded to her, her interest in severalty. The partition, it is true, was accomplished without the knowledge of the plaintiff, and if there had been a statutory proceeding in partition, he would have been a proper party defendant as a person interested, and as such entitled to notice. But he has not been denied the right nor debarred the opportunity of inquiring and determining upon proper issues made, as to the justice of the partition. On the contrary, the circuit court decreed, that Mrs. Myers had become and was entitled to a homestead in the premises assigned to her in severalty, subject to the right of the plaintiff to make such inquiry.
Our attention has been called to Gaylord v. Imhoff, 26 Ohio St. 317, and it is virtually assumed in argument, that there is such an analogy between partnership and tenancy in common, that if the homestead exemption does not extend 'to'partners, it can not extend to tenants in common. It was held *195 in that case, that the members of an insolvent firm are not entitled to the statutory exemptions out of the partnership property after it has been seized in execution by partnership creditors, notwithstanding all the members join in demanding the exemptions. But that case did not involve a consideration of the exemption of partnership lands, when claimed as .homesteads. The incidents, moreover, annexed to partnership and tenancy in common are diverse and have a different origin, and it becomes evident upon examination, that even if a co-partner could not successfully claim as a homestead any part of the firm realty, an estate in common might support a right of homestead in one of the co-tenants.
Our conclusion therefore is, that the judgment of the circuit court should be affirmed, and the cause remanded for further proceedings.
Judgment accordingly.
Owen, C. J„, and Spear, J., dissent from first proposition of the syllabus, and from the judgment.