(Superior Court of Cincinnati.)
General Term, 1898.

ELIZABETH BUNING v. MARY K. BERTELING, ADMINISTRATRIX OF BERNARD JOSEPH BERTELING, DECEASED.

1. Where a cause of action is alleged as against a wife alone on a promissory note upon which she is jointly and severally liable with her husband, it is not necessary to join the husband or his estate in the action.

[COPYRIGHT, 1898, BY CARL G. JAHN.]

2. No recovery can be had against a married woman upon such promissory note unless it appear, either by specific allegation or competent proof, that she has separate property to be charged therewith.

(Decided December 21, 1897.)

---

HUNT, J.; Smith and Jackson, JJ., concur.

The plaintiff below, Mary K. Berteling, as administratrix of Bernard Joseph Berteling, deceased, by her amended petition filed January 5, 1895, seeks to recover a judgment against the defendant below, Elizabeth Buning, in the sum of $1,800, with interest on $500, from December 15, 1892, at 7 per cent.; and on $200 from December 5, 1893, at 7 per cent.; and on $600 from March 4, 1893; and on $300 from October 29, 1893; and on $200 from October 29, 1893. The indebtedness is evidenced by five promissory notes as follows:

One dated at Cincinnati, Ohio, December 15, 1880, signed by J. H. Buning and Mrs. J. H. Buning; one dated December 5, 1879, and signed by J. H. Buning and Elizabeth Buning; one dated March 4, 1889, and signed by J. H. Buning and Mrs. E. Buning; one dated October 29, 1892, and signed by J. H. Buning and Mrs. E. Buning; and one dated October 29, 1892, and signed by J. H. Buning and Mrs. E. Buning.

It is averred that the signature to all the notes is that of Elizabeth Buning, the defendant below, and that all of said notes are in the possession of the plaintiff below, Mary Berteling, as administratrix of the estate of Bernard Joseph Berteling, deceased. Copies of the notes, with all the credits and endorsements thereon, are fully set out in the amended petition.

The amended answer of Elizabeth Buning, filed February 29, 1896, alleges that at the dates of the notes set forth in the amended petition she was a married woman and the wife of J. H. Buning, the maker of said notes, and denies the execution of the notes set forth in the pleading. There is a further averment that if said notes were executed by her, there was no consideration for the same on her part, followed by a denial of each and every allegation in the amended petition.

On submission of the cause, on the issues joined, the jury returned a verdict for the plaintiff below, in the sum of $2,124.42. A motion to set aside the verdict and for a new trial was overruled, to which exception was taken and judgment entered on the verdict.

A petition in error was filed April 2, 1896, to reverse this judgment of the court in special term. Three (3) grounds of error are discussed by counsel for plaintiff in error in the oral argument and presented in the brief in the case.

First. The verdict is contrary to the evidence.

Second. The husband or his estate should have been sued with her.

Third. That no recovery can be had against Elizabeth Buning, a married woman, unless it appear either by the pleadings or in evidence that she had separate property subject to be charged therewith.

As to the weight of evidence: There was evidence to show that two of the notes were signed by Elizabeth Buning in the presence of Mary Berteling; that all the notes were renewal notes of old ones, and that Elizabeth Buning wrote the endorsement of interest paid November 7, 1893, as shown by the last two notes; and also on the $200 note paid December 21,1893, and that the interest was paid to her. Mary Berteling further testifies that the last two notes made to her were the notes of the estate, and were given to her after the death of her husband, as renewals for notes that had been made to her husband; that all the notes sued on are renewal notes, new ones being made out when the endorsements on the backs of the old notes covered the notes so that no more endorsements could be made on them; that her husband loaned the money evidenced by these notes to J. H. Buning, and held the notes secured by a life insurance policy on his life; that the policy was in their possession, and as Mr. Buning paid the premiums he would bring the receipts; that the insurance policy was kept by herself, as well as the premium receipts; that after J. H. Buning married Elizabeth Buning, the defendant below, he wished to surrender this life insurance policy, as he desired to change it for the benefit of his wife, and said that if they would surrender the policy he would get his wife to sign the renewal notes with him, which his wife would do, as she had a great deal more property than he had, and so the insurance policy was given up and Mrs. Buning's signature was taken on the notes in place of the policy of insurance.

The evidence and a comparison of the admitted signatures of Elizabeth Buning will show that she signed them, and this testimony was properly left to the jury. We do not think that the verdict should be disturbed as against the weight of evidence.

As to joining the husband in the action: It is admitted that the statutes in force at the time their notes were given will be found in 71 O. L., p. 47, passed March 30, 1874, and 76 O. L., p. 3, passed January 21, 1879.

It is the contention of counsel for plaintiff in error, that this is not an action concerning the separate estate of the wife but purely an action at law. The causes of action are the notes sued upon. They are signed by the husband and apparently by the wife, and are the joint as well as the several obligations of the husband and wife, and being, therefore, a joint claim, is subject to the provisions of sec. 4996, Rev. Stats., which provides that where the cause of action is in favor of, or against husband and wife, the husband shall be joined with her. It is urged that the fact that these notes also partake of the nature of a several claim does not destroy the joint nature of it, nor deprive it of the control which sec. 4996, may have over such actions.

By the Rev. Stats. of 1880, the two cases which we have cited (71 O. L., p. 47, and 76 O. L., p. 3), were divided into two parts, designated as secs. 4996 and 5319. Under these acts it was not necessary to join the husband, since the action was upon a written obligation. The acts of March 30, 1874, and January 21, 1879, and revision of 1880, were alike in this regard, and the statutes remained so until 1884 (81 O. L., .65), when it was provided that the husband should only be joined where the wife was sued and the cause of action was in favor of, or against both her and her husband. The cause of action here is not against both her husband and herself but against her alone, as she is severally liable on the notes. It was not necessary to join the husband or the estate in this action.

As to the allegation or proof of separate property: It is the further contention of counsel for plaintiff in error, that no recovery can be had against the defendant in error, Elizabeth Buning, a married woman, upon her promissory notes, unless it appear that she has separate property subject to be charged therewith.

Sec. 28 of the Code, as amended March 30, 1874 (71 O. L., 47), was the law in force at the time the first two notes were executed. By the Revised Statutes of 1880, it was divided into two parts, one designated sec. 4996, and the other sec. 5319. The division did not make any change in the law, and it thus remained until March 20, 1884, when sec. 4996, was amended as it now stands, and sec. 5319, amended by omitting the words "alone" and "separate."

The court has held, under this section, in Jenz v. Gugel (26 Ohio St., 527), that sec. 28 of the Code, as amended March 30, 1874 (71 O. L., 47), was not intended to enlarge or vary the liabilities of a married woman, but merely to change the form of remedy. No recovery can be had against a married woman upon her promissory note, whether executed before or after the date of said amendatory act, unless it appear that she has separate property subject to be charged therewith.

In the case of Allison v. Porter, 29 Ohio St.,136, the court held that sec. 28, of the Civil Code, as amended March

27, 1874, does not create a cause of action in favor of, or against a married woman when none existed before, but was intended to prescribe the cases in which she may sue and be sued alone, and to authorize in such suits like proceedings and judgments and the enforcement of such judgments in all respects as if she were unmarried.

In the case of Payne v. Thompson, (44 Ohio St., 192), the court say on p. 205: "It should be borne in mind that the provisions of secs. 4996 and 5319, of the Rev. Stats., were not intended to enlarge the rights of a married woman, but simply affects the remedy;" and cite the case of Jenz v. Gugel, (26 Ohio St., 527), and that of Allison v. Porter, (29 Ohio St., 136.)

In the case of Hill v. Myers, (46 Ohio St., 183), the court held that the amendments to sec. 28 of the Code, did not enlarge or vary the liabilities of a married woman but fundamentally changed the form of the remedy. The disabilities of coverture are so far removed that where the action concerns her separate property, a personal judgment may be rendered against her in all cases where such judgment would be proper were she a *femme sole*, citing the cases in 26 Ohio St., 527, and 29 Ohio St., 136.

The court say on page 192, that in instituting suit against her it is enough to aver that she has separate property subject to be charged without describing any or specific piece of property.

Counsel for defendant in error, insists that if any reason exist for the petition to state that Elizabeth Buning had a separate estate, the objection made is fully met by the case of Smith v. Frame, (3 C. C., 587).

This case shows why the husband was not a party. It alleges defendant to be a married woman and having a separate estate. The court holds that as she had a separate estate at the time she signed the note, she was liable and that a personal judgment should be rendered, and that after-acquired property could be subjected to such judgment. The court, on page 589, uses this language:

"* * * It is claimed that the petition is defective in not stating that at the time of bringing the action the defendant was possessed of separate property. There are two cases in Ohio which seem to sustain the claim of plaintiff in error: Jenz v. Gugel, (26 Ohio St., 597); Hill v. Myers, 46 Ohio St., 183.)"

The court expressly states, that the omission was supplied by the answer and the evidence.

It is urged. however, that even if it were necessary to make a specific allegation that the wife had a separate estate, such omission is clearly supplied by the evidence, and authorities are cited to the effect that if objection to the admissibility of evidence is not made at the trial it will be considered as waived. Clark v. The State, (12 Ohio St., 483); Powell on Appellate Proceedings, sec. 117.

It is claimed, too, that there is enough competent evidence in the first testimony of Mary Berteling, to show that an insurance policy was held to secure the first notes, and it was given up so that it might be made payable to Mrs. Buning.

The evidence as to the separate property was not pertinent to any issue raised by the pleadings, and consisted of a declaration not made in the presence of the wife, Elizabeth Buning. The evidence was not sufficient, in the opinion of the court, to make it appear that the defendant below had separate property subject to be charged with the judgment. Moreover, the record discloses that the defendant below, at the conclusion of the testimony of Mary Berteling, moved the court to strike out the testimony relating to conversations had with the husband of defendant, for the reason that the husband was one of the joint makers of the notes, and was since deceased, and because the defendant was not present at the conversation; which motion the court overruled, and to which ruling the defendant below excepted.

In the light of the legislation as to the manner in which a married woman shall be sued and that judgment shall be rendered against her as though she were unmarried, it is not altogether apparent why such an allegation of ownership or proof of separate property should be necessary. The decisions in our state, however, seem to justify the view that no recovery can be had against a married woman upon her promissory note unless it appear either by specific allegation or competent proof that she has separate property to be charged therewith; and that to hold otherwise would be reversible error.

We do not deem it necessary, in the absence of any request to consider the assignment of error as to the refusal of the court to give certain special charges required by plaintiff in error. The judgment of the court in special term is reversed and the cause remanded for further proceedings.

John R. Von Seggern, for plaintiff in error.

Stephens & Lincoln, contra.