The President, Directors and Company of the Clinton Bank of Columbus *v.* Samuel M. Hart.

A judgment for or against one of the several makers of a joint obligation, is a bar to an action afterwards brought against another.

But not so if the obligation is joint and several.

In such case, the creditor has the election to treat the obligation as joint or several, and he may sue and recover against each one of the makers separately, or all jointly; but he cannot do both; and hence the recovery of a joint judgment is a bar to separate actions, and separate judgments equally so to a joint action.

The election of the creditor is not conclusively determined by the commencement of a joint action, and becomes fixed only upon the recovery of judgment against all the joint makers of the instrument.

Until one judgment, either joint or several, is rendered for or against each of the makers of such an instrument, no merger of the several liabilities of any one of them, as to whom no judgment has been rendered, takes place; and a separate action may be sustained thereon.

3

The commencement of a joint action, therefore, against all the makers of such an instrument, in which process was only served upon a part, and judgment against but one, is no bar to a separate action against one not served with process.

In such case, the creditor has his election to sue out a *scire facias* against such several maker, to make him a party to the judgment against the others, or to commence and prosecute a separate action against him.

PETITION in error to reverse the judgment of the District Court of Fairfield county.

The original action was assumpsit, brought by the plaintiff in error against the defendant in error, upon a promissory note executed by him, jointly and severally with one Jesse B. Hart and Crim, Hart & Co.

The defendant in error plead *non assumpsit*, and specially, in bar, that the plaintiff in error had, before the commencement of this action, brought suit upon said note, jointly, against all the makers thereof; and obtained a judgment thereon against said Jesse B. Hart, and that said judgment remained in full force and effect.

To this special plea the plaintiff in error replied, that the defendant in error was not served with process, nor was his appearance entered in said suit against all the makers of said note, before the rendition of judgment thereon against said Jesse B. Hart.

To this replication the defendant in error demurred, and the District Court, into which the case had been taken by appeal, at the September term, 1854, of said court, gave judgment sustaining the demurrer.

To reverse this judgment, the plaintiff in error prosecutes this petition.

*H. H. Hunter*, for plaintiff in error.

*P. Van Trump*, for defendant in error.

RANNEY, J. That a judgment for or against one of the makers of a joint obligation, is a bar to an action afterwards

brought against another, was settled, upon a full review of all the authorities, in *Sloo* v. *Lea*, 18 O. R. 279. The reasons upon which the doctrine rests are somewhat technical; but the decision seems to have been the necessary consequence of the common law rules of pleading applicable to the question, and the legal effect of the contract upon which the action was brought.

But the case is entirely different when the obligation is, in terms, joint and several. In such case, the creditor has the election to treat the obligation as joint *or* several, and he may sue and recover against each one of the makers separately, or all jointly ; but he cannot do both, and hence the recovery of a joint judgment is a bar to separate actions, and separate judgments equally so to a joint action.

This, we think, is the fair result of the teachings of the elementary books and adjudged cases, from the earliest times. Indeed, we know not where it has ever been doubted, except in the case of *The United States* v. *Cushman*, 2 Sum. R. 436, where Judge Story has labored at much length to establish the position, that a joint judgment is no bar to a separate suit against one of the obligors, on a joint and several bond ; that the joint judgment only bars the joint remedy, and in nowise affects the several remedy, and that the two may be consequently pursued. The whole of the reasoning of the learned judge is based upon what he considers the legal effect of the contract; by which, he insists, each of the obligors has agreed " that he will be liable to a joint action, and to a several action, for the debt;" and that the supposition, that the obligee has an election only of the one remedy or the other, and that by electing a joint suit he waives his right to maintain a several suit, " is not a sound legal interpretation of the contract." If this reasoning is *sound*, then all that is said in the books about an *election* of remedies, is wholly unmeaning. It is very true, that each obligor has bound himself to submit to either form of remedy; but it is equally true, that he bound himself but by one instrument, and for one debt; and whenever, by the pursuit of either remedy, the debt is carried into judgment, the instrument is necessarily extinguished, or merged in the higher security, and is no longer capable of laying

the foundation for another recovery. This seems to us quite conclusive of the strictly legal aspects of the question; but when viewed in a broader light, and as a matter of governmental policy in furnishing adequate remedies for the enforcement of rights, no possible reason càn be given for vexing the defendant with two suits, when one judgment, in either form, is just as effective for reaching all his property, whether held jointly or severally, as the two could be. We are therefore of opinion that the creditor, in such a contract, is put to his *election* which of the remedies, that the law provides him, he will pursue. But the question still remains: what acts of the creditor will determine this election? The authorities cited to show, that where one is entitled to one of two things, as a woman to dower at the common law, or *ex assensu patris*, at her election, the institution of proceedings in a court of record, for the one or the other, will fix the right, we do not consider applicable to the present inquiry. It is perfectly well settled in actions merely personal, and is not controverted by the defendant's counsel, that the election of the creditor is not conclusively determined by the commencement of a joint action; and equally well, that it becomes fixed only upon the attainment of the fruits of the action, by the recovery of judgment against all the joint makers of the instrument.

Until one judgment, either joint or several, is rendered for or against each of the makers of such an instrument, no merger of the several liabilities of any one of them, as to whom no judgment has been rendered, takes place; and, until then, a separate action may be maintained upon such several liability. It is clear, that both remedies cannot be pursued at the same time; and, if it is attempted, the first commenced may be plead in abatement of the last. But when one, in either form, is ended short of a judgment upon the merits, it cannot be plead in bar of another afterward commenced, either in the same form, or in the other form allowed to the creditor by the terms of the contract.

An application of these principles to the case in hand, leaves no doubt as to how it ought to be determined.

The pleadings inform us that the plaintiff commenced a joint action against the three makers of the note, which resulted in a

judgment against one—Jesse B. Hart. In this action, the present defendant was not served with process, nor did he in any manner appear. It does not appear whether Crim, Hart & Co. were served, or what disposition was made of them. In point of fact, however, they were served, and a verdict rendered in their favor upon trial. In a *scire facias* afterwards prosecuted, to make the present defendant a party to the judgment against Jesse B. Hart, the Court in Bank held, that after the acquittal of Crim, Hart & Co., no judgment could have been regularly rendered against Jesse B. Hart; and that, as no judgment could have been regularly rendered against the present defendant, had he been served with process, he could not be made a party to the judgment that was rendered by *scire facias*. This decision has effectually deprived the plaintiff of all joint remedy; for while the judgment against Jesse B. Hart stands, however irregular or erroneous it may have been, he cannot again be sued. To refuse now to enforce the several undertaking of the defendant, would be to deny all remedy upon as plain a contract as ever was written, and that in favor of a party who has never before been in court, and whose rights have never been subjected to judicial inquiry. We cannot think that technical principles can be legitimately used to effect such manifest injustice.

But if the judgment against Jesse B. Hart had been such as to permit the present defendant to be made a party to it by *scire facias*, our opinion would still be the same. The statute was designed to afford an easy and direct mode for enabling the creditor to make one not served, a party to the judgment against others; but it does not take from him any of his common law rights. In case of a joint contract it is his only remedy; but where the contract is joint and several, he has his election to pursue that remedy, or to commence and prosecute a separate action against any one of the several makers who has not been served with process, and whose several liability has not been merged in judgment.

The district court erred in sustaining the demurrer to the replication, and for that cause the judgment is reversed, and the cause remanded for further proceedings.