JAMES REYNOLDS v. PITTSBURGH, CINCINNATI AND ST. LOUIS
RAILWAY COMPANY AND CINCINNATI, HAMILTON AND DAY-
TON RAILROAD COMPANY.

1. A verdict and judgment upon the merits, in an action upon a joint con-
tract brought against one of several contractors, is a bar to any future
action upon the same contract against all the contractors.

2. In an action brought against one of two railroad companies for breach
of their joint agreement to carry goods from A to B, the defendant de-
nied that it had agreed to carry or be responsible for the goods, except
for part of the distance. The issue thus joined was found for the de-
fendant, and judgment entered thereon. *Held*, that this judgment was
a bar to any subsequent action against both companies upon the same
contract.

MOTION for leave to file a petition in error to the Supe-
rior Court of Cincinnati.

This was an action brought by Reynolds against the de-
fendants in error for breach of their contract to carry
twenty bales of " tirosh " from Cincinnati to Chicago, and
safely deliver them at the latter named place. The defend-
ants answered jointly, setting up as a bar to the action that
the plaintiff had brought a former action against the Cin-
cinnati, Hamilton and Dayton Railroad Company alone,
" upon the same cause of action," and that upon the issues
joined in said (former) action a judgment was rendered for
said defendant, the Cincinnati, Hamilton and Dayton Rail-
road Company, which judgment still remains in force.

To this answer the plaintiff replied as follows:

" That he (the plaintiff) admits that he filed his petition
against the Cincinnati, Hamilton and Dayton Railroad
Company alone, . . . as alleged in defendant's answer,
but avers that said railroad company answered said peti-
tion, claiming a several liability, by averring that its
liability to the plaintiff only extended from Cincinnati,
Ohio, to Richmond, Indiana, and this plaintiff took issue
thereon. Plaintiff further states that in said (former) action

DECEMBER TERM, 1876. 603

Reynolds *v.* P., C. & St. L. Ry. Co. & C., H. & D. R. R. Co.

the issue was different from this case, and denies that any judgment rendered therein is a bar to this action, for that *there* the liability of the Cincinnati, Hamilton and Dayton Railroad Company from Cincinnati to Richmond, Indiana, alone was tried, and not the liability of the Cincinnati, Hamilton and Dayton Railroad Company, nor the liability of the Pittsburgh, Cincinnati and St. Louis Railroad Company, defendants herein, between Cincinnati, Ohio, and Chicago, Illinois, either severally or jointly."

The court, at special term, sustained a demurrer to this reply, and gave judgment for the defendants, which judgment was afterward affirmed by the court in general term, and the plaintiff now asks leave to file a petition in error to reverse the judgment.

*A. G. Collins,* for the motion, as to when a judgment works an estoppel, cited *Lessee of Love* v. *Truman,* 10 Ohio St. 45; *Roger* v. *Libby,* 35 Me. 200; *Evans* v. *Peck,* 11 Ga. 265; *Sloo* v. *Lea,* 18 Ohio, 279; *Clinton Bank of Columbus* v. *Hart,* 5 Ohio St. 33; 18 Johns. 459; 2 Smith's L. Cas. 793, 794; 1 Jones, 220.

*Matthews, Ramsey & Matthews,* contra.

WELCH, C. J. The reply admits the identity of the cause of action in the two cases. In other words, it is admitted that the former action was brought upon the same contract as that sued upon in the present case, namely, a joint contract on the part of the two companies to carry the goods in question from Cincinnati to Chicago. No plea in abatement, on account of the non-joinder of both companies, was interposed in that action. On the contrary, the record shows that it was tried upon its merits. The reply admits, in substance, that the defendant in the former case denied the making of the contract, by alleging that the company never agreed to carry the goods to Chicago, but only agreed to carry them part of the distance, namely, to Richmond, Indiana. The issue thus made was found for the defend-

ant, the Cincinnati, Hamilton and Dayton Railroad Company, and final judgment was rendered upon that finding. That issue can not be retried between the same parties, nor can a second action be maintained upon the same joint contract against either or both the parties. The question whether any such joint contract to carry the goods from Cincinnati to Chicago was ever made between the parties has become *res adjudicata.* If either of the companies made a different contract, a contract to carry them from Richmond to Chicago, suit should have been brought upon that contract, and not upon the alleged joint contract, the non-existence of which had already been judicially determined.

*Motion overruled.*