Boynton, J.
The first error assigned upon the record is that the action below was one in which the parties were *273 entitled to a trial by jury, and, consequently, that the same was not appealable to the district court. This question was, in effect, settled by Jenz v. Gugel, 26 Ohio St. 527, and. Allison v. Porter, 29 Ohio St. 136. In the latter case, it. was held that section 28 of the code, as amended March 30, 1874, did not create a new cause of action in favor of, or against, a married woman, where none existed before,, but that the section, as amended, was intended to prescribe-the eases in which she may sue or be sued alone, authorizing, in such suits, like proceedings and judgment, and its enforcement in all respects as if she were sole.
Assuming the action to he gover-ned by this section, as-amended in 1874, these cases are decisive of the question that no new cause of action was created, and that the character of the action was in no wise changed. That the section, in some of its features, is much involved, and the purpose of the legislature quite obscure, can not be doubted. Eor instance, how proceedings, in an action between husband and; wife, for divorce and alimony, or for alimony alone, can be conducted, and a judgment rendered and enforced, in all respects as if the wife were an unmarried woman, is not easy to comprehend. If a literal effect be given to the-words of the statute, the court would be required to dismiss the action in all snch cases.
It is, however, plain that it was not intended to remove the incapacity of a married woman to enter into contracts, binding at law, nor to authorize a recovery on less proof,, or proof of a different nature, than was required before the section was amended.
Before a judgment can be taken against her, on her-promissory note, it must appear that she had a separate estate to charge with its payment, and that she intended to-so charge it at the time she executed the note. These questions are clearly for the court.
The claim that a prayer for a personal judgment against a married woman ascertains the tribunal to try the facts, is wholly untenable. The statute expressly gives the right to- *274 :such judgment in actions wherein she may be sued alone, and a prayer for such judgment in such actions, is, therefore, quite proper. If it followed from this that the cause was, of right, triable to a jury, actions for divorce would fall within the same right, as they are found in the same category with other actions wherein a personal judgment against a married woman is authorized. ¥e need not, however, pursue the argument, as it is well settled that the character of an action, as respects its being legal or equitable, is not determined by the nature of the relief demanded. Corry v. Gaynor, 21 Ohio St. 277; Jenks v. Langdon, id. 362.
It is next urged that the judgment in the action to foreclose the mortgage is a bar to the present action. There is no doubt that a former judgment upon the merits of the case is a bar to any subsequent action between the same parties or their privies upon the same cause of action, and conclusive not only as respects questions actually decided, but as to all others involved in the issue as made. Rut the ■judgment concludes inquiry into no question or subject-matter not within the issue to be tried, and as there is nothing in the record of the former action that would have authorized .an inquiry into the facts put in issue by the pleadings in the present case, the judgment therein constitutes no bar to the present action.
Nor do we think that the judgment against the husband of the plaintiff in the former action, merged or extinguished the right to proceed in equity to subject her separate estate to the payment of the note. It is true that the note, in form, is joint, and a judgment upon it, were the plaintiff discovert, and consequently liable thereon at law, would, within the authorities, constitute a complete bar to a subsequent action thereon. A joint obligation, where the obligors are all bound at law, creates but one debt, and where a judgment is entered upon it, whether against all or only a part of the obligors, all further remedy is merged in the higher security. Sloo v. Lea, 18 Ohio, 279; Clinton Bank of Columbus v. Hart, 5 Ohio St. 33; Reynolds v. P., C. & St. L. Ry. Co., 29 Ohio St. 602.
*275 But in the present case the makers of the note were not, .in a legal sense, jointly liable thereon. No obligation was created against the wife which could be enforced at law, .and hence a joint remedy could not have been anticipated when the note was executed. Where a note or obligation is several as well ass joint, a judgment against one of the makers or obligors, in a separate action, is no bar to an .action on the same instrument against another, for the reason that an implied undertaking to submit to a separate action is involved in the several promise entered into.
The same implication arises in the case at bar, for, either the husband was alone liable on the note, or he was liable jointly with the wife’s separate estate, against which the remedy was wholly in equity, while his liability was strictly legal. A judgment against one of two or more joint makers of a written instrument constitutes a bar to a sub'sequent action on the same instrument, only where the makers are liable thereon at law.
It is finally objected that no charge was created against Mrs. Avery’s separate estate for the payment of the note or debt; and in support of this objection, it is first claimed, that there is no evidence showing her intention to create such charge; secondly, that the mortgage of the property purchased negatives the intent to charge any other estate; and lastly, that her testimony is decisive that no purpose to bind other property was by her entertained.
The facts are very simple. Mrs. Avery having a separate estate, added thereto a parcel of land purchased of the defendant on credit. She executed her note for the price with her husband as surety, and gave a mortgage on the property purchased to secure its payment. The proceeds Arising from the sale of the mortgaged property were exhausted in paying off prior liens. Her husband was insolvent. That she intended to pay for the property thus purchased, and of which she became sole owner, is but a just inference from the circumstances surrounding the purchase. She had but one way of paying, and that was out of her separate estate, to enhance the value of which the
*276 property was bought. Where a married woman acquires the title to property by purchase, which becomes by force of the statute her separate estate, and executes her promissory note therefor, an implication arises, in the absence of proof showing a different understanding, that she thereby intended to charge her separate estate with its payment. And this implication is not at all affected by the execution of a mortgage as collateral security to the note. This was the precise question in Rogers v. Ward, 8 Allen, 387, where it was held that the execution by the wife of a mortgage to secure a bond given upon the purchase of property which became a part of her separate estate, did not in any degree affect or impair the equity of the obligee to enforce payment against such estate. See also Ballin v. Dillaye, 37 N. Y. 35. In such case the wife’s estate is the primary debtor, and the execution of a mortgage on the parcel constituting the subject of the sale and purchase, creates for the mortgagee a specific lien on the land described in the mortgage, leaving his right in equity against the remaining separate estate entirely unaffected. The statement of Mrs. Avery as a witness, that she had no intention to charge her separate estate, was incompetent. Her engagement was in writing, and could not, either in its terms or its inferences, be contradicted or varied by parol. Her intention must be gathered from the instrument executed, aided hy the circumstances under which it was made. The remark in Phillips v. Graves, 20 Ohio St. 387, that if a writing is not necessary to evidence the intention to charge, it may be shown by parol, was not intended as an intimation that in this class of cases, parol evidence is competent to vary the terms or legal effect of a written instrument. But where the engagement is neither in writing, nor required to be, parol evidence is admissible to show what the intention actually was.

Judgment affirmed.