Okey, J.
1. In Ohio, as well as in England and a majority of the states, pleas in abatement are no longer in use; but the principle, that the pendency of a former suit, legal or equitable, between the same parties for the same cause, is matter of defense to a second suit in a court of the same state, has its foundation in justice, and is firmly established. Rev. Stats. §§ 5062, 5064, 5069, 5071; Gardner v. Clark, 21 N. Y. 399; Erb v. Perkins, 32 Ark. 429; Bond v. Wagner, 28 Ind. 462; Woody v. Jordan, 69 N. C. 189; Pomeroy’s Rem. *302 §| 698, 711. In Insurance Co. v. Brune, 96 U. S. 588, and. Spence v. Insurance Co., 40 Ohio St. 517, the rule is recognized and the exceptions thereto are stated. Whether in the latter case an exception to the rule was properly applied, .is a question upon which we express no opinion.
2. The answer in this case, alleging that at the time suit was brought another action was pending, as therein stated, for the same cause of action, was, according to approved precedents, in due form. Swan’s Code PI. & Pr. 510 ; 2 Bates’ PI. 905 ; 2 Este’s PI. & Pr. (2 ed.) 432.
3. The firm of Walker & Weil being indebted as partners to Guerin for services rendered to and for them, the indebtedness was joint, and, under the former practice, on the death of Walker, Guerin’s only remedy at law would have been a suit against Weil as surviving partner. But by the statute a change in this respect was effected, so that on the death of Walker and the appointment of his administrator, the debt became, in effect, a joint and several obligation, and Guerin had an election to sue Weil as surviving partner of Walker, or Delatombie as administrator of Walker, or both the surviv-,. ing partner and the administrator. Rev. Stats. §§ 6102,5009; Burgoyne v. Trust Co., 5 Ohio St. 586; Clinton Bank v. Hart, 5 Ohio St. 33.
4. Guerin elected to sue Weil as surviving partner and Delatombie as administrator, in an action in the court of common pleas of Gallia county; and thereby that court was fully authorized to render and enforce against Weil, in that suit, any form of judgment which the court of common pleas of Franklin county might lawfully render and enforce against him in the action brought in the latter court. Ib.; Rev. Stats. § 5311.
5. If the suit in Gallia county had been prosecuted against Weil (as surviving partner) alone, and this had been so stated in the answer, there can be no doubt whatever that such answer would have afforded ground of defense to the action in Franklin county. No case can be found in opposition to this statement. The sole question is, therefore, whether the fact, stated in the answer, that Delatombie, as administrator *303 of Walker, was joined with Weil as a defendant, renders the answer insufficient. But the fact that Guerin could obtain, in the Gallia county suit, relief as ample, indeed the same relief, as in the Franklin county suit, furnishes satisfactory reason for holding that the presence of the administrator, as a party in the Gallia county suit, in no way affects the sufficiency of the answer, except to strengthen it. And this upon well settled principles. The election which the law gave to Guerin was to pursue his remedy against the parties jointly or severally. “It is clear,” said Ranney, J., in Clinton Bank v. Hart, supra, “ that both remedies cannot be pursued at the same time ; and, if it is attempted, the first commenced may be pleaded in abatement of the last.” P. 36. “The law,” said Grier, J., in U. S. v. Archer, 1 Wall. C. C. 173, 184, “appears to be well settled, that if two or more are bound jointly and severally, the obligee may elect to sue them jointly or severally. But having once made his election and obtained a joint judgment, his bond is merged in the judgment quia -transit in rem judioatam. Indeed, it is essential to the idea of election, that the obligee cannot have both a joint and a several action ; and no case can be found to countenance the doctrine that he can.” In Exp. Rowlandson, 3 P. Wms. 405, Talbot, L. C., said : “When A. and B. are bound jointly and severally to J. S., if J. S. sues A. and B. severally, he cannot sue them jointly, and on the contrary, if he sues them jointly he cannot sue them severally, but the one action may be pleaded in abatement of the other.” In Exp. Brown, 1 Ves. & B. 60, 65, it was said : “ Under a joint and several bond, the obligee, though he might have several executions, could not bring a joint and also two several actions.” In Gould’s Pleading it is said : When “ one of two or more defendants in the first action is omitted in the second, as if the first action is against A. and B. and the second against A. only, it seems manifest that the second must abate, the case being plainly within the general rule.” Chap. 5, § 127. Ritter v. Worth, 58 N. Y. 627 (reversing 1 T. & C. 406), was an action to recover real estate. The plaintiffs claimed as heirs at law of R. Answer, that another suit, brought by the plaintiffs and widow of R., *304 to recover possession of the same land, was then pending. Evidence offered to prove the answer having-been rejected, the court of appeals reversed the judgment, holding “ the fact that R.’s widow was co-plaintiff in the former action was no obstacle to the recovery by them of their interest in the lots, and that proof of the former suit would abate this action.”
Many other cases might be cited in support of the view I have stated. See Bedford v. Bishop of Exeter, Hob. 137; Streatfield v. Holliday, 3 D. & E. 779, 782; Graves v. Dale, 1 T. B. Monroe, 190; Atkinson v. State Bank, 5 Blackf. 84. And, indeed, it is shown by the authorities I have cited, that oppressive and vexatious litigation can only be prevented, in any case, by strict adherence to rules well established, “ and prominent among these is the duty to avoid multiplicity of suits, and to attain a final and complete determination of all the questions involved in it with the least delay and at the least possible expense.” Penn v. Hayward, 14 Ohio St. 302, 306.
Turner v. Whitmore, 63 Maine, 526, is opposed to our decision in this case. But that case is based mainly on a remark of Story, J., in U. S. v. Cushman, 2 Sum. 426, 441, which remark was disapproved by Ranney, J., in Clinton Bank v. Hart, supra, and by Grier, J., in U. S. v. Archer, supra; and in U. S. v. Price, 9 Howard U. S. 83, U. S. v. Cushman is overruled.
It is plainly our duty to reverse the judgment of the district court and that of the court of common pleas, and, rendering the judgment which should have been rendered by the latter court, overrule the demurrer to the answer. As the record now stands, Guerin is not entitled to prosecute his action in Franklin county; but, possibly, he may desire to reply to the answer, and hence we remand the cause to the court of common pleas.

Judgment reversed.