## ACTION FOR RECOVERY ON A CONTRACT OF SALE.

Common Pleas Court of Knox County.

Chaney B. Gaines v. S. Therman & Company.

Decided, April Term, 1909.

*Pleading—Action against a Partnership—On Contract for Sale and Purchase of a Horse—Facts which State a Cause of Action—Section 5146—Action Joint and Several—And Death of One of the Defendants not Ground for Demurrer.*

1. A petition which states distinctly a contract for the sale and purchase of a horse, a definite price agreed upon, delivery of the horse at the place and time agreed upon, and refusal of the defendants to accept or pay for the animal, is not open to demurrer on the ground that the facts stated do not constitute a cause of action.

2. An allegation appearing in a demurrer but not in the petition and to the effect that one of the defendants has departed this life since the filing of the petition can not be considered at the hearing on the demurrer.

3. But were this not true, the demurrer to such a petition against a partnership should be overruled for the further reason that it is not necessary to make the administrator of a deceased defendant a party, since by the provisions of Section 5146 the obligation is joint and several, and not strictly joint as under the common law rule.

*A. J. Workman* and *Ewing & Ewing,* for plaintiff.
*L. B. Houck,* contra.

Wickham, J. (orally).

An amended petition is filed. The defendants here, Simon Therman and Frank Therman, are partners, engaged in the business of buying and selling horses in Ohio under the partnership name of S. Therman & Company. The plaintiff alleges that on the 29th day of June, 1907, the defendants had employed one Martin Critchfield, who was their agent for the purpose of buying horses in Knox county, Ohio, and that on that day plaintiff sold to the defendants a certain black mare for the agreed price

of $115; that by the terms of the contract of sale the mare was to be delivered by the plaintiff to the defendants on the 16th day of July, 1907, at Wolfe & Norrick's livery barn in the village of Howard, Knox county, and that then and there the plaintiff was to receive his pay for the mare from the defendants, through their agent. The plaintiff says that on the 16th day of July, 1907, he delivered the mare according to the contract of sale, and tendered the mare to the defendants and demanded payment, which was refused, and that upon the refusal by the said defendants, through their agent, to pay him the contract price, the agreed price of the mare, he left the mare there and went away; that the defendants have never paid for her, and hence he brings this action to recover from them the $115, the agreed price.

To this petition a demurrer is filed, and the case is submitted to the court on the demurrer. The demurrer is on two grounds: first, that the facts stated in the petition are not sufficient to constitute a cause of action against the defendants. The petition states distinctly and briefly facts which constitute a cause of action—the contract of sale, definite price agreed upon, everything done by the plaintiff that was required by him to be done, the refusal to take the mare and refusal to pay, and the mare left at the place where plaintiff was to deliver her and he went away, and therefore the defendant is indebted to the plaintiff in the sum of $115, the agreed price. The demurrer on that ground is not well taken.

There is another ground of demurrer, that there is a defect of parties defendant. That since the commencement of this action and prior to the filing of the said amended petition Simon Therman departed this life, and that his executor is a necessary party defendant and should be joined as a defendant. It would be sufficient, I think, to say that the petition does not show this. There is an allegation in the demurrer which does not appear on the face of the petition, and the court can go no further than the petition which is on demurrer; but even if the court should take cognizance of that fact, the demurrer should be overruled on that ground also, because it is not necessary to make an administrator or executor of a deceased defendant a party. Section 5146 provides:

"When there are several plaintiffs or defendants, and one of them dies, or his powers as a personal representative cease, if the right of action survive to or against the remaining parties the action may proceed; but the death of the party, or the cessation of his powers, shall be first stated on the record."

. The plaintiff had his election to make the personal representative of the defendant a party, or proceed against the survivor. This action is a joint action, and upon the death of one of two or more joint defendants the right of action then becomes a joint and several right of action, and may be proceeded with by the plaintiff against one or all.

In the 5th Circuit Court Reports we have an authority in point—the case of *Williams, Admr., v. Bradley,* page 114. I read from the opinion at page 116, the bottom of the page:

"It is claimed on behalf of the administrator of Curtis that it was erroneous: 1st, for the reason that the judgment on which the action was predicated was a joint judgment only against Shepherd and the administrator of Curtis, and that Shepherd being a necessary party to this action, was not sued with Williams. On this point, it may be said that the question of Shepherd being a necessary party, was not raised by the answer, or by way of plea in abatement, as should have been done. But by the provisions of Section 6102, Revised Statutes, a judgment rendered against one of two joint debtors, and the administrator of the estate of another, is a several and not a joint judgment."

. An authority of greater weight is found in the 42d Ohio State Reports, page 299, *Weil v. Guerin,* and the law is pretty well stated in this opinion. I will read the second branch of the syllabus:

"Where an action for services rendered to a partnership composed of two persons is brought in this state, in the court of common pleas, against one of the members of the firm as the surviving partner, and it appears from the answer that at the commencement of the action, another suit for the same identical cause of action was and still is pending in the court of common pleas of another county in this state, in which action the same plaintiff is plaintiff and the same defendant as such survivor and also the administrator of the deceased partner are defendants, and in which action the same judgment might be rendered

and relief granted as against such surviving partner that might be rendered and granted in the action last brought, such answer, by way of abatement, is in view of the statutes of this state a defense to the action.''

In other words, the court holds that the action becomes a joint and several right of action and the plaintiff may proceed against all jointly, or against the partners or legal representatives separately, but, of course, he has not both rights. Here the action was brought against them jointly, and afterwards another action was brought against one of them separately, and the joint action in another county was pleaded as a defense, and the court held it was a good defense. Judge Okey, in the opinion says:

"In Ohio, as well as in England and a majority of the states, pleas in abatement are no longer in use."

At page 302 he states the facts in the case and the principles of law which control it:

"The firm of Walker & Weil, being indebted as partners to Guerin for services rendered to and for them, the indebtedness was joint, and, under the former practice, on the death of Walker, Guerin's only remedy at law would have been a suit against Weil as surviving partner. But by the statute a change in this respect was effected, so that on the death of Walker and the appointment of his administrator, the debt became, in effect, a joint and several obligation and Guerin had an election to sue Weil as surviving partner of Walker, or Delatombie as administrator of Walker, or both the surviving partner and the administrator (Revised Statutes, 6102, 5009; *Burgoyne v. Trust Co.,* 5 Ohio St., 586; *Clinton Bank v. Hart,* 5 Ohio St., 33). Guerin elected to sue Weil as surviving partner and Delatombie as administrator, in an action in the Court of Common Pleas of Gallia County; and thereby that court was fully authorized to render and enforce against Weil, in that suit, any form of judgment which the Court of Common Pleas of Franklin County might lawfully render and enforce against him in the action brought in the latter court. If the suit in Gallia county had been prosecuted against Weil, as surviving partner alone and this had been so stated in the answer, there can be no doubt whatever that such answer would have afforded ground of defense to the action in Franklin county. No case can be found in opposition to this statement. The sole question is, therefore, whether the fact, stated in the answer, that Delatombie, as ad-

ministrator of Walker, was joined with Weil as a defendant, renders the answer insufficient. But the fact that Guerin could obtain, in the Gallia county suit, relief as ample, indeed the same relief, as in the Franklin county suit, furnishes satisfactory reason for holding that the presence of the administrator, as a party in the Gallia county suit, in no way affects the sufficiency of the answer, except to strenghten it. And this upon well settled principles. The election which the law gave to Guerin was to pursue his remedy against the parties jointly or severally. 'It is clear,' said Ranney, J., in *Clinton Bank* v. *Hart, supra,* 'that both remedies can not be pursued at the same time; and if it is attempted, the first commenced may be pleaded in abatement of the last' (p. 36). 'The law,' said Grier, J., in *U. S.* v. *Archer,* 1 Wall (C. C.), 173, 184, 'appears to be well settled, that if two or more are bound jointly and severally, the obligee may elect to sue them jointly or severally. But having once made his election and obtained a joint judgment his bond is merged in the judgment *quia transit in rem judicatum.* Indeed, it is essential to the idea of election that the obligee can not have both a joint and a several action; and no case can be found to countenance the doctrine that he can.' ''

In the Rowlandson case, English, Lord Chancellor Talbot says:

''When A and B are bound jointly and severally to J S, if J S sues A and B severally, he can not sue them jointly; and on the contrary, if he sues them jointly he can not sue them severally, but the one action may be pleaded in abatement of the other.''

In another English case it is said:

''Under a joint and several bond the obligee, though he might have several executions, could not bring a joint and also two several actions,'' and so on to the same effect.

Formerly at common law the action was strictly joint, and no action at law could be brought except it was brought against all of the parties jointly. They must all be made defendants. But since the passage of this act—Section 5146—it becomes a joint and several obligation, not joint strictly, and the rule of the common law has been abrogated by statute. In this case Gaines, the plaintiff, has his election to pursue this action against the surviving partner alone. If he so elects and obtains judgment,

he can afterward bring an action against the representative of the deceased partner; that is, he can pursue his remedy separately, but not both jointly and separately.

The demurrer is overruled.