## ACTIONS AGAINST RESIDENT AND NON-RESIDENT JOINT DEBTORS.

Common Pleas Court of Knox County.

THE OIL WELL SUPPLY COMPANY V. A. R. SCOTT.

Decided, 1910.

*Parties—Where the Action is Against Joint Debtors One of Whom is a Non-Resident—Summons—Partnership.*

In an action against partners, one of whom is within the jurisdiction of the court and the other is not, both should be made parties, and a return of "not found" made as to the non-resident, after which the action may proceed and judgment be taken against the resident partner.

*Wm. H. Thompson,* for plaintiff.
*Koons & Sons,* contra.

WICKHAM, J.

In this case there has been filed a second amended petition, and to that petition a motion by the defendant. He moves the court to strike the second amended petition of the plaintiff from the files of the court because: first, the said petition and the cause of action therein set forth is not germane to the cause of action set forth in the original petition; second, the said petition and the cause of action therein set forth is a departure

from the original petition, and the parties are not the same; and, third, new parties are necessary to the trial of the issue tendered by the said second amended petition.

. In order to dispose of this motion it is necessary to examine the original petition, which was an action brought by the plaintiff, the Oil Well Supply Company, against A. R. Scott alone. The petition upon its face showed that it was a joint liability. We will assume the facts of the petition to be true for that purpose; that it was a joint liability; that the defendant Scott was one of the partners. The action is on an account in the short form for goods sold to Scott and his partner, McLaughlin. Upon a demurrer being filed, the demurrer was sustained, and the plaintiff was required to make McLaughlin a party. An amended petition was filed, and a demurrer was filed and sustained because the pleader did not make a copy of the account a part of his petition. The petition, as I have said, was in the short form and a copy of the account attached to the petition. The pleader in the amended petition stated that it was upon an account, a copy of which was attached as an exhibit and limited by the words "made a part of the petition," which was necessary under Section 5085 of the code, and upon the sustaining of the demurrer to the amended petition the plaintiff filed a second amended petition, and this motion is directed to that.

We are unable to see upon what ground the mover makes this motion. We have examined the exhibits attached to the original petition, and the first and second amended petitions and they are all the same, copies of the same account, being set forth in the same terms and for the same amounts, so that it is an action brought for the same account.

When the cause of action is a departure from the original petition and parties are not the same: An action was brought against A. R. Scott originally, and upon a demurrer being filed McLaughlin was made a party and was styled the Oil Well Supply Company against A. R. Scott and C. W. McLaughlin. Now McLaughlin, as the record shows, is a non-resident of the state of Ohio, and the question is made whether the plaintiff can proceed against Scott alone. As far back as the 18th Ohio Reports

we have a case, 18 Ohio Reports, page 279, entitled *Sloo* v. *Mc-Clintoc*, which was an action brought against a surviving partner and a non-resident partner. In the statement of facts appears the following:

"The action in the court below was assumpsit, brought against Sloo and McClintoc, as partners, by the name of A. G. Sloo & Co., on four bills of exchange, drawn by them in their partnership name, in November, 1836, and January, 1837, at Alton, Ill., where they resided and did business on a house in New Orleans; two of which were at four months after date, the others at four months sight. McClintoc being returned not found, judgment was rendered against Sloo only. The drafts were accepted, payment demanded at maturity, but declined, of which they had notice."

In this case the question was made that the action could not be maintained and a valid judgment rendered against Sloo alone, but without going through this authority, there are a great many authorities cited in the opinion. The court held that the judgment was void because no summons was issued for McClintoc. In other words, it is necessary in bringing an action against a partnership, one partner of which is within the jurisdiction of the court and the other partner out of the jurisdiction, that a summons must issue, and returned "not found," when the case may proceed against the partner who is within the jurisdiction. The next case we call attention to is found in the 31 Ohio State, 572, *Bazell* v. *Belcher & Doral*. Here the defendants in error commenced an action in the Court of Common Pleas of Lawrence County against J. B. Bazell, Martin Bazell and W. A. Simonton, as partners under the firm name of J. B. Bazell & Co., to recover the price and value of goods sold and delivered. Upon the filing of the petition, a summons was issued and served upon J. B. Bazell and W. A. Simonton. J. B. Bazell filed an answer, in the nature of a plea in abatement, alleging that Martin Bazell was not a member of the firm, but that the firm of J. B. Bazell & Co., was composed of himself, W. A. Simonton, W. H. Bazell and A. J. Manford, and that W H. Bazell and A. J. Manford were still living. The court in the opinion say: .

"In an action upon a joint contract, all who are jointly liable must be joined. In this respect the rule of the common law has not been changed by our code. These propositions are not disputed by defendants in error, but they contend that under Section 77 of the code, the judgments below were authorized. It is provided by that section that 'where the action is against two or more defendants, and one or more shall have been served, but not all of them, the plaintiff may proceed as follows: 1. If the action be against defendants jointly indebted on contract, he may proceed against the defendants served, unless the court otherwise direct,' etc. [It is the same at the present time.]

"We do not understand that this section was intended to modify the common law practice. The mistake of defendant's counsel, as well as of the courts below, consists in placing too much stress on the word 'served,' and not enough on the word 'action' as contained in this section. The action below was against only two of the four joint contracting parties. The filing of a petition alone does not amount to 'an action.' The 55th section of the code provides: 'A civil action must be commenced by filing in the office of the clerk of the proper court a petition, and causing a summons to issue thereon.' It is true, the amended petition charged W. H. Bazell and A. J. Manford as being jointly indebted with J. B. Bazell and W. A. Simonton, but no summons was issued against the former. While, therefore, it is true that the latter were 'served' it is not true that 'an action' was commenced against the former. Hence Section 77 did not authorize the judgment against those of the joint contractors who were served with summons. To authorize the judgment as rendered, summons should not only have been issued against the other joint contractors, but should also have been returned 'not found.' "

The court held that that judgment was invalid because summons was not issued for the non-resident partner.

In the 42d Ohio State is another case, page 11. It is entitled *Yoho* v. *McGovern*. In the opinion at page 14 the court say:

"That a joint obligation creates but one debt, and a judgment upon it, whether against all or part only of the obligors, merges it in the higher security, and operates as a bar to further proceedings upon it is so well established, as a general proposition, as to place it beyond serious controversy. *Reedy* v. *Burgert*, 1 Ohio, 160; *Sloo* v. *Lea*, 18 Ohio, 279; *Clinton Bank* v. *Hart*,

5 Ohio St., 34; *Reynolds* v. *Railway Co.*, 29 Ohio St., 602; *Avery* v. *Vansickle*, 35 Ohio St., 274.

"Section 5054, Revised Statutes [now Section 5051] provides that when service has been made upon one or more, but not upon all defendants jointly indebted upon contract, the plaintiff may proceed against the defendants served unless the court otherwise direct. While this provision modifies the common law rule upon the subject, it will be seen, in the light of the cases last cited, that notwithstanding this section, if the plaintiff further pursue the defendants not served, it must be, as a general rule, by an action under Section 5366 to make them parties to the judgment already recovered against those served.

"The question remains, then, whether there is anything in the case that takes it out of the operation of the rule which merges a joint contract in a judgment upon it against one or more of the parties to it, and thus operates as a bar to further proceedings upon it against those not orginally served. The rule, in its general application, is reasonable, and not necessarily one of hardship or injustice. But as it has been shown to be capable of much hardship, the courts have not hestitated, in proper cases, so to qualify it as to avert the harsh or oppressive consequences of its literal and rigid enforcement, where this would lead to a manifest failure of justice. So, where one of several joint contractors was under disability of infancy at the time of contracting, or had thereafter been discharged in bankruptcy, the plaintiff has been allowed to proceed without joining him in the action (*Rand* v. *Nutter*, 56 Me., 341). In obedience to this tendency, it was in England provided by statute (3 and 4 William 4, c. 42), 'that no plea in abatement for the non-joinder of any person as co-defendant, shall be allowed in any court of common law, unless it shall be stated in such plea that such person is resident within the jurisdiction of the court.'

"It follows from this that if the joint contractor not joined be without the jurisdiction of the court, the action could proceed against the one served. The rule is well established that where one of several joint contractors is without the state, so that no service can be made upon him, judgment may be rendered against such of them as are found within the jurisdiction, and such judgment, remaining unsatisfied, is no bar to a subsequent suit and judgment against those not served upon the original cause of action."

In other words, repeating what I said a few minutes ago, a plaintiff may proceed against them severally if one or more of

the joint contractors is dead, or beyond the jurisdiction of the court. It then becomes a joint and several obligation. If within the jurisdiction of the court, they must be made parties and served. If without the jurisdiction of the court, they must be made parties and service must show they were not found within the jurisdiction of the court, before the court would be authorized to render judgment. Without reading from this opinion any further, that is the holding of the court. In this case the second branch of the syllabus says:

"A judgment rendered by a justice of the peace upon a joint note against one of the makers, the other having been a nonresident of, and not found within the county, is no bar to a subsequent action upon such note against the latter."

This same authority is mentioned by the court in the case of *Whittaker* v. *Stone*, 16 Sup. Ct. Reports, page 635, and also the case of probably the same parties—*Stone* v. *Whittaker*, 61 Ohio State Reports, 194. At page 200 in the opinion in this case our Supreme Court refers to the authority of *Yoho* v. *McGovern*, just read, and approved it.

McLaughlin is a non-resident of Ohio, and if summons has been issued for him and returned "not found" under this authority the plaintiff can proceed in this action against A. R. Scott alone. The motion is overruled.