DECISION AND JUDGMENT ENTRY
On June 19, 1995, appellant First Bank of Marietta obtained a judgment for $60,000, based on a promissory note, against appellees Mascrete, Inc. [hereinafter Mascrete], and Van Olnhausen. Henrietta Olnhausen, who was also a signatory on this promissory note, owned the property that provided security for the note. Appellant brought the instant action seeking foreclosure against Henrietta Olnhausen's property. The trial court ordered foreclosure and sale of the property, but denied appellant's claim for interest at a contractual post-default rate of twenty-five percent per annum. Instead, the trial court found appellant was entitled only to interest at the statutory judgment rate, ten percent per annum. Appellant timely appealed this decision of the trial court. We affirm.
 STATEMENT OF THE CASE
On August 31, 1993, Mascrete borrowed $60,000 from the First Bank of Marietta, agreeing to make monthly interest payments and to repay the principal on demand. The stated annual rate of interest was two percent over a prime rate determined by the Huntington National Bank, or eight percent during the period in question. After maturity or default, the contract interest rate increased to twenty-five percent per annum on any unpaid principal balance.
Van Olnhausen's signature appears twice on this note, both in his capacity as president of Mascrete and as an individual guarantor of the note. Henrietta Olnhausen, the wife of Van Olnhausen, also signed the note in her individual capacity. Her exact role in this transaction, however, later became a matter of dispute.
Concurrent with the execution of the promissory note, these same three parties executed a security agreement pledging property described as 104 Marigold Lane, Marietta, Ohio, as security for this debt. Henrietta Olnhausen was the sole owner of record of that property. She executed an open-ended mortgage in favor of the appellant. Van Olnhausen also executed this mortgage, reflecting his dower interest in that real estate.
On August 31, 1994, appellant declared the loan in default and issued a letter demanding full payment of the principal due on this promissory note on, or before, September 7, 1994. This note was never paid. From the journal entry in this action, we find that, on November 10, 1994, appellant brought an action in the Washington County Court of Common Pleas against Mascrete, the Olnhausens, and other parties not otherwise identified, except as lien holders. The complaint sought judgment on this $60,000 note, as well as for judgment on a separate $50,000 note, which is not at issue in the case sub judice, plus interest on both. Appellant subsequently sought summary judgment in that action, styled asFirst Bank of Marietta v. Mascrete, Inc. et al., also identified as Washington County Court of Common Pleas Case No. 94 OT 299.
In its decision of the matter now before us, rendered on March 24, 1999, the trial court referred to a May 19, 1995 decision rendered in that earlier action. This earlier decision granted appellant's motion for summary judgment against Van Olnhausen on this $60,000 promissory note, but declined to grant summary judgment against Henrietta Olnhausen. The trial court indicated that there were unresolved issues as to whether Henrietta Olnhausen signed the 1993 note as a guarantor, or only as an accommodation for her husband, the maker of the note. Hence, those unresolved issues precluded the grant of summary judgment to the appellant on its claims against Henrietta Olnhausen. The trial court noted that a subsequent entry dated July 19, 1995, entered judgment in favor of appellant and against Van Olnhausen on this note.[2]
The parties to the 1994 litigation ultimately reached agreement, filing a judgment entry on October 2, 1996, signed on behalf of the parties by their respective counsel. As part of that agreement, appellant dismissed Henrietta Olnhausen "without prejudice." As is hereinafter discussed, the meaning of that dismissal became a central issue in the current action.
Appellant filed the instant action, entitled "Complaint in Foreclosure," on August 10, 1998. In its first claim, appellant sought judgment for $86,573.72, the amount it claimed was due on the $60,000 note. In its second claim, appellant sought to foreclose the mortgage, requesting that all liens on the property be marshaled, and that the property be sold. Appellant recognized the priority of claims of appellee Treasurer of Washington County for unpaid taxes, and appellee Peoples Banking and Trust Company for earlier promissory notes in its favor, which were secured by a first mortgage on this same property. On January 28, 1999, appellant moved to amend its complaint to state that the correct amount due on the $60,000 note was $128,682.40. Appellant calculated this larger amount by utilizing the contractual twenty-five percent rate of interest, provided for in the promissory note, subsequent to default, applied from the date of default. In this amended complaint, appellant claimed the date of default was October 7, 1994.
On February 16, 1999, the trial court granted appellant leave to amend its complaint, and, in the same entry, set forth stipulations by the parties resolving the bulk of the issues in this action. Mascrete and the Olnhausens stipulated to the authenticity of the $60,000 note. They stipulated that the note had been in default of payment since April 9, 1994, rather than October 7, 1994. They stipulated that August 9, 1994, when the appellant called the note, was the "default date" for purposes of the twenty-five percent post-default interest rate contained in the contract. They further stipulated that the balance due on August 9, 1994, was $59,965.33, and that late fees of $155 were due as of the date of trial. Finally, the parties stipulated that appellant obtained a judgment on June 19, 1995, against appellants Mascrete and Van Olnhausen, in the amount of $64,342.79, plus interest at the statutory rate of ten percent.
The trial court found only two, unresolved, legal issues. First, whether the appellant correctly applied the twenty-five percent interest rate from August 9, 1994, until January 28, 1999, or whether the intervening judgment on June 19, 1995, reduced that rate of interest to the statutory rate of ten percent. Second, if the previous judgment was not controlling, whether the proper interest rate was the original contract rate of prime plus two percent, or the higher, post-default rate, of twenty-five percent per annum provided for in the promissory note.
The parties briefed these issues, and the trial court issued its decision on March 24, 1999. The trial court found that all the parties in the present litigation were also parties to the earlier litigation in Washington County Court of Common Pleas Case No. 94 OT 299. The trial court found that, because the parties had settled all matters in controversy regarding the $60,000 note in this previous case, the orders issued in that case, as to the calculation and imposition of interest, still controlled. Appellant was precluded from seeking judgment against Henrietta Olnhausen on the note, or for interest on the note at the post-default rate of twenty-five percent. The appellant could seek judgment against Henrietta Olnhausen for foreclosure and sale of the property, which she had pledged as security for that note. However, the trial court found appellant must base any claim for interest on the earlier acquired judgment. Therefore, the appellant was limited to interest at the statutory judgment rate of ten percent per annum on that previously acquired judgment.
The appellant filed its timely notice of appeal and raises three assignments of error for our consideration:
 A. THE TRIAL COURT ERRED WHEN IT GRANTED THE INCORRECT RATE OF INTEREST TO BE APPLIED TO APPELLANT'S JUDGMENT UPON A PROMISSORY NOTE.
 B. THE TRIAL COURT MISINTERPRETED THE EFFECT OF THE COURT'S PRIOR JOURNAL ENTRY AND MISAPPLIED RES JUDICATA AND COLLATERAL ESTOPPEL TO THE APPELLEE, VAN OLNHAUSEN.
 C. THE TRIAL COURT MISCONSTRUED THIS FORECLOSURE ACTION AS AN ACTION TO EXECUTE UPON A PREVIOUS JUDGMENT.
 OPINION I
We commence our discussion by noting that the trial judge assigned to hear this action also heard the 1994 action, which had resulted in the judgment in favor of appellant and against Mascrete and Van Olnhausen on the $60,000 promissory note. Appellant argues that the voluntary dismissal of Henrietta Olnhausen from that earlier action now somehow permits it to bring a new action against her based on this same promissory note. Appellant claims that the defendants to that earlier action waived any defense of collateral estoppel or res judicata in the present action by the terms of the judgment entry which terminated the original 1994 action, filed October 2, 1996.
The record in the matter before us is devoid of a copy of that October 2, 1996 judgment entry. However, the trial court, in its decision of March 24, 1999, quoted the section of that earlier judgment entry relied upon by the appellant:
 Pursuant to Civ.R. 41(A)(1), Plaintiff, The First Bank of Marietta dismisses without prejudice to refiling its claims against Defendant Henrietta Olnhausen and for foreclosure of the mortgage, and its claims for recovery of the costs of collection and attorneys fees against Defendant Mascrete, Inc., Van Olnhausen and Henrietta Olnhausen.
 The Parties agree and stipulate that in the event a subsequent complaint is filed in relation to the above claims, none of the Defendants will assert res judicata, collateral estoppel or similar defenses, all such defenses hereby being expressly waived.
 All judgments previously entered in favor of Plaintiff The First Bank of Marietta remain in full force and effect and are hereby made final. The Court retains jurisdiction over this case to the extent necessary for the execution and collection of the judgments.
The trial court disagreed with appellant's interpretation of these clauses. The court below noted that no evidence was presented as to the intent of this October 2, 1996 "Judgment Entry." The trial court, therefore, concluded that the plain meaning of this previous "Judgment Entry" was that the parties settled the issue of liability, as well as the amount of damages. Hence, the trial court concluded that it retained jurisdiction only to the extent necessary to permit collection of, and execution on, that existing judgment.
The appellant argues that the court misapplied the doctrines of collateral estoppel and res judicata. Appellant argues that the effect of the dismissal of Henrietta Olnhausen from the previous action is the same as if no action had ever been convened against her. Appellant further contends that the trial court improperly limited its remedies to foreclosure on the property, and collection of the earlier judgment. Appellant argues that resjudicata is not effective to "strangers" to the previous action. Therefore, the trial court erred by not permitting appellant to bring a new action to collect on this $60,000 note against Henrietta Olnhausen.
We disagree. When Mascrete defaulted on the promissory note in 1994, appellant was possessed of three options. It could ignore the default, hoping that business conditions would improve for its debtor, and continue to collect interest at the rate then in effect. Or, it could declare the note in default and attempt to collect the principal and interest at the twenty-five percent default rate, without the aid of the court. Finally, appellant could seek the aid of the court, protecting its interests by reducing this debt to judgment.
The long established rule in Ohio is that judgments bore no interest at common law. Statutory law, and not the underlying contract, controls the rate of interest paid on judgments. SeeNiel v. Bank (1893), 50 Ohio St. 193, 33 N.E. 720. The appellant, by its voluntary act, sued upon, and reduced to judgment, this 1993 promissory note made by the appellees in its favor. The debt represented by the note was thus, by operation of law, merged into the judgment. Guernsey Branch of State Bank of Ohio v. Kelly
(1863), 14 Ohio St. 367 at 371; Merchants Finance Co. v.Goldweber (1941), 138 Ohio St. 474, 35 N.E.2d 779, at paragraph one of the syllabus. See, also, Findlay Properties, Inc. v. OhioSav. Bank (Jan. 16, 1997), Hancock App. No. 5-96-27, unreported.
The present statute, R.C. 1343.03(A), provides:
 (A) Except as provided in division (C)(2) of this section, in cases other than those provided for in sections 1343.01 and 1343.02 of the Revised Code, when money becomes due and payable upon any bond, bill, note, or other instrument of writing, upon any book account, upon any settlement between parties, upon all verbal contracts entered into, and upon all judgments, decrees, and orders of any judicial tribunal for the payment of money arising out of tortious conduct or a contract or other transaction, the creditor is entitled to interest at the rate of ten per cent per annum, except that, if a written contract provides a different rate of interest in relation to the money that becomes due and payable, the creditor is entitled to interest at the rate provided in that contract.
In the original 1994 action, appellant could have requested that the court order the previous judgment specify interest at this higher contract rate, as provided for under R.C. 1343.03(A), as well as R.C. 1343.01(A)(6). It did not do so in that action. Therefore, R.C. 1343.03(A) specifies that the judgment rate of ten percent applies to this earlier judgment. The trial court correctly applied this rate of interest from the date of judgment in the earlier action.
We find the appellant's First Assignment of Error to be without merit. It is, therefore, OVERRULED.
 II
In its Second Assignment of Error, appellant argues that appellee Van Olnhausen failed to raise the defense of resjudicata or collateral estoppel in his answer. Appellant argues that the failure of appellee to raise these defenses in his pleadings constitutes a waiver of those defenses, citing Meiss v.Gill (1886), 44 Ohio St. 253.
It is well established that the failure to call attention to anerror at trial waives that error for appeal purposes. StoresRealty Co. v. Cleveland (1975), 41 Ohio St.2d 41, 322 N.E.2d 629. The trial court, however, committed no error in finding that resjudicata applied to any claims advanced by the appellant under the 1993 note, because of the 1995 judgment on that note. Questions of res judicata are reviewed de novo by appellate courts. Ray v. Stepp (Aug. 4, 1995), Jackson App. No. 95CA758, unreported.
The doctrine of res judicata has been stated as follows: "[A]n existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction." Quality Ready Mix,Inc. v. Mamone (1988), 35 Ohio St.3d 224, 227, 520 N.E.2d 193,196-197 (citations omitted).
The doctrine of res judicata involves both claim preclusion (historically called estoppel by judgment in Ohio) and issue preclusion (traditionally known as collateral estoppel). As applied here, the July 19, 1995 judgment constitutes a claim preclusion that would prevent any relitigation of the liability of appellee Van Olnhausen originating from the 1993 promissory note made in favor of appellant.
In Grava v. Parkman Twp. (1995), 73 Ohio St.3d 379,653 N.E.2d 226, the Supreme Court of Ohio adopted an expansive view of claim preclusion, holding that "[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." Id. at syllabus. Hence, the June 19, 1995 summary judgment bars appellant from relitigating any claims it might have raised against appellee Van Olnhausen in that action. "It has long been the law of Ohio that `an existing final judgment or decree between the parties to litigation is conclusive as to all claims which were or might have been litigated in a first lawsuit.'" Natl. Amusements, Inc. v.Springdale (1990), 53 Ohio St.3d 60, 62, 558 N.E.2d 1178, 1180, quoting Rogers v. Whitehall (1986), 25 Ohio St.3d 67, 69,494 N.E.2d 1387, 1388.
Appellant argues that even if res judicata applies, appellee Henrietta Olnhausen is the sole owner of the real estate subject to this foreclosure. Since Van Olnhausen has a mere inchoate right of dower, of no specific value, any judgment of foreclosure is against this interest and not a personal judgment against him. This is a correct statement of the law, for "* * * during the lifetime of both spouses, dower is a contingent inchoate right that becomes vested in the surviving spouse only upon the death of the other spouse." Short v. Conn (Jan. 25, 1994), Jackson App. No. 96CA709, unreported, citing Goodman v. Gerstle (1952),158 Ohio St. 353, 358, 109 N.E.2d 489. However, we are unable to discern any merit in appellant's argument that it is entitled to interest on the 1995 judgment at a higher rate than permitted and set by statute.
Appellant's Second Assignment of Error is OVERRULED.
 III
Appellant's final argument is that the trial court misconstrued its foreclosure action as an action to execute upon the previous judgment. Appellant cites Clinton Bank of Columbus v. Hart
(1855), 5 Ohio St. 33, for the proposition that the judgment rendered against Mascrete in 1995 is not effective as against the appellees Olnhausen in this action. Appellant argues that since Mascrete has failed to satisfy that judgment, it may now maintain a new action against the Olnhausens.
We note that the trial court, in its decision in this action issued on March 24, 1999, specifically referred to the judgment in Case No. 94 OT 299. That entry, entered on June 19, 1995, granted judgment to the appellant against appellee Van Olnhausen on this note. Clearly, the doctrine of res judicata precludes any relitigation of issues against him arising from this promissory note. "The policy basis of res judicata is to assure an end to litigation, and prevent a party from being vexed twice for the same cause." LaBarbera v. Batsch (1967), 10 Ohio St.2d 106, 113,227 N.E.2d 55, 66, citing First Natl. Bank of Cincinnati v.Berkshire Life Ins. Co. (1964), 176 Ohio St. 395, 199 N.E.2d 863, paragraph three of the syllabus.
The court did not enter any judgment against Henrietta Olnhausen in the 1994 action. Instead, appellant dismissed her from that action.
Collateral estoppel, or issue preclusion, prevents parties and their privies from relitigating facts and issues in a subsequent suit that were fully litigated in a previous suit.[3] Schollerv. Scholler (1984), 10 Ohio St.3d 98, 462 N.E.2d 158, paragraph three of the syllabus. Collateral estoppel applies when the fact or issue (1) was actually and directly litigated in the prior action, (2) was passed upon and determined by a court of competent jurisdiction, and (3) when the party against whom collateral estoppel is asserted was a party in privity with a party to the prior action. Whitehead v. General Tel. Co. (1969),20 Ohio St.2d 108, 254 N.E.2d 10, paragraph two of the syllabus, overruled on other grounds by Grava, supra.
 A point or a fact which was actually and directly in issue in a former action and was there passed upon and determined by a court of competent jurisdiction may not be drawn in question in any future action between the same parties or their privies, whether the cause of action in the two actions be identical or different.
Norwood v. McDonald (1943), 142 Ohio St. 299, 52 N.E.2d 67, paragraph three of the syllabus, overruled on other grounds byGrava, supra.
Additionally, in Howell v. Richardson (1989), 45 Ohio St.3d 365,544 N.E.2d 878, the Supreme Court of Ohio held that the doctrine of collateral estoppel "does not apply merely to those who were parties to the proceeding. It applies likewise to those in privity with the litigants and to those who could have entered the proceeding but did not avail themselves of the opportunity."Id. at 367, 544 N.E.2d at 881.
Appellants argue that, since there was no judgment against Henrietta Olnhausen in the previous action, they are not now precluded from obtaining a judgment against her on this promissory note. Indeed, they contend that, because she was dismissed from the previous lawsuit, they must now bring a new action to enforce their claim against her on this promissory note.
Appellants agreed to dismiss Henrietta Olnhausen from the previous action. Hence, they did not avail themselves of the opportunity to resolve all of the claims they might have litigated in that first lawsuit. Rogers, supra. We noted above that by taking judgment on their promissory note, the appellants merged the note into the judgment. Merchants Finance, supra. Therefore, they may not now bring a second action based on this promissory note. They may only collect on their earlier judgment, by foreclosing on the property owned by Henrietta Olnhausen.
Hence, the trial court correctly denominated the instant action in foreclosure as an action to execute upon this previous judgment. The appellees agreed to the foreclosure and sale of the property to satisfy this judgment. We find no merit in appellant's argument that it is entitled to interest in excess of the annual rate of ten percent agreed to in that earlier judgment, which interest rate correlates with the statutory interest rate permitted on judgments.
Appellant's Third Assignment of Error is OVERRULED.
In conclusion, we find merit to none of the issues raised in the three assignments of error of appellant and we, accordingly, affirm the judgment of the court below.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellees recover of appellant costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered a that special mandate issue out of this court directing the Washington County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J., and Abele, J.: Concur in Judgment and Opinion.
______________________ David T. Evans, Judge
[2] A copy of this entry is of record in the file, dated June 19, 1995. Appellant's brief also uses this date. The discrepancy is of no real import and has no effect or impact on the issues in the appeal before us.
[3] Black's Law Dictionary defines privity as "[t]he connection or relationship between two parties, each having a legally recognized interest in the same subject matter (such as a transaction, proceeding, or piece of property); mutuality of interest." Privity of contract is defined as "[t]he relationship between the parties to a contract, allowing them to sue each other but preventing a third party from doing so." BLACK'S LAW DICTIONARY 1217 (7th ed. 1999).